No. 118.—ALEXANDER THOMPSON, plaintiff in error, *vs.* JOSEPH R. RICHARDS *et al.* defendants.

[1.] The deed of a person to land, where there is adverse possession held by another, being void under the 32 *Henry VIII.* does not preclude the grantee from maintaining an action of ejectment in the name of the grantor, to recover possession of the premises.

[2.] A demurrer will lie to a bill, where there is an ample Common Law remedy.

In Equity, in Carroll Superior Court. Decision by Judge BULL, February Term, 1856.

This was a bill filed by Thompson, setting forth that in Feb. 1853, an action of ejectment was commenced against him, on the several demises of William, Peter and John Manley, heirs at law of Wm. Manley, dec'd, and of J. R. Richards and of John and B. M. Long, to recover a certain lot of land, which action is still pending, one verdict having been rendered for plaintiffs for three-fourths of said lot; that plaintiffs showed a grant from the State to the Manleys; a deed from them to Richards, and from him to the Longs; that complainant holds under a deed from Samuel Bowlin, dated in 1850; that Bowlin had been in possession under color of title since 1841; and those under whom he claimed, since 1831; that Bowlin, while in possession, had sometimes said, while drunk, that he did not claim the land, which raised a doubt concerning complainants' title; that he bought in good faith, believing the title to be good; that the conveyance of the land from the Manleys to Richards, and from

Richards to the Longs, were made while complainant was in adverse possession of the land, and had been for more than a year previous, of which the said Longs had full knowledge, and which complainants cannot show their knowledge of, but by a resort to their consciences; that the Manleys and Richards had no knowledge of the bringing of the ejectment suit, but that the same is proceeding for the sole benefit of the Longs. The complainant therefore charged that the deed to said Richards and the Longs is void in law; and he prays a perpetual injunction against said ejectment.

The bill was demurred to on the two grounds, of a want of equity, and that there was an adequate Common Law remedy. The Court sustained the demurrer and dismissed the bill, and on this decision error is assigned.

POWELL, for plaintiff in error.

WRIGHT, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This case was before this Court at Decatur, August, 1854, (16 *Ga. R.* 440,) and we held there was no equity in the bill. It presents no new feature. We see, therefore, no reason to over-rule the decision then made.

[2.] It is straining pretty hard, perhaps, to adopt the 32 *Henry VIII.* in a new country like this has been; and we feel no disposition to relax the rule which allows the grantee, whose deed is made void by that Statute, to use the name of his grantor to recover the premises.