CHARITY A. RAMSEY, administratrix, etc., plaintiff in error, *vs.* ZADOCK BLALOCK, *et al.*, defendants in error.

1. It is error in the presiding Judge to charge the jury, that a vendor is bound by false representations made by his agent, in the sale of a negro, unless there be proof that the vendor had an agent in such sale.
2. An administrator can not bind the estate of his intestate, by a warranty of the soundness of an article sold by him.
3. A verdict unsupported by evidence, will be set aside.

Assumpsit, in Campbell Superior Court. Tried before his Honor DENNIS F. HAMMOND, at August Term, 1860.

The questions made in this case arise out of the following state of facts, to-wit:

On the 2d day of June, 1857, Charity A. Ramsey, as the administratrix of James W. Ramsey, deceased, sold at public outcry, and at administrator's sale, a negro girl by the name of Martha, belonging to the estate of said deceased. At said sale, Zadock Blalock was the highest bidder, and the negro was knocked off to him at the price of $530 00. For this sum, Blalock gave small notes of $50 00 each, payable to the administratrix, due the 25th of December, 1857, with Thomas Bullard and Fayette S. Fitch as securities. The administratrix executed and delivered to Blalock a bill of sale for the negro girl, in the usual form of an administrator's bill of sale, in which the negro was described as being seven years old.

The administratrix brought suit, on eight of the promissory notes given for the negro, against Blalock and his sureties, returnable to the March Term, 1858, of Campbell Superior Court.

The defendants set up a plea to the action, that the notes sued on were given for a negro girl named Martha, which the plaintiff warranted to be sound and healthy, but which, before and at the time of the sale, was unsound and diseased with chronic diarrhœa, which rendered her worthless, and of which she soon thereafter died, and that therefore the consideration of said notes had wholly failed.

On the trial of the case there was a considerable number of witnesses sworn, of whose testimony the following is a condensed statement:

It seems that the little negro girl had contracted the habit of eating dirt, which gave her a swarthy or ashy complexion; that her general appearance was unhealthy; that her owners, before the sale, had given her medicine, and that she had a "running off at the bowels;" that the intestate once said that he believed she would die, and that she was not worth $10 00, but when asked if he would take that sum for her, he answered no; that when the negro was brought to sale,

Thomas Bullard cried the sale; that one Noah Smith, the brother of the administratrix, was present at the sale, and was asked by a bystander if the negro girl was sound, to which question Smith replied that she was as sound as a dollar; that none of the witnesses knew whether the administratrix heard Smith's remark or not; she neither assented to or dissented from the remark; that she was standing near by, and, in the opinion of one of the witnesses, looked at the witness as if she meant what Smith said, though she did not say a word; that it did not appear that Blalock heard Smith's remark; that after the sale Blalock, announced himself as well pleased with the negro and his bargain; that he was offered a premium on the price he paid for the negro, and refused to take it; that some three months after the sale, the negro exhibited dropsical indications; that about the 25th of December, 1857, the negro died of typhoid pneumonia, which is an acute, and not a chronic, disease; that toward the last she had hemorrhage of the bowels, which is a result of pneumonia; that physicians who examined the girl, could see no indications of a chronic disease in her or about her.

In reply to defendant's testimony, as to the unhealthiness of the negro before the sale, the plaintiff introduced several witnesses who knew the girl familiarly, and some of whom knew of from the time of her birth to the time of the sale, all of whom swear that the girl was sound and healthy.

After the testimony had closed, and the Court had charged the jury, as hereinafter stated, the jury returned a verdict for the defendants.

Counsel for the plaintiff then moved for a new trial on the following grounds:

1st. Because the jury found contrary to law, contrary to the evidence, contrary to the weight of the evidence, and contrary to the charge of the Court.

2d. Because the Court erred in charging the jury "that the plaintiff was bound by the sayings of Noah Smith, (if the jury believed that Smith was her agent,) that the slave in controversy was sound, provided she knew that such was

not the fact, and heard the representations and did not deny or admit them, that any false representations made by plaintiff's agent would bind her," which charge was contrary to law, and given in the absence of any proof, that Noah Smith, who made the representations, if any were made, had any authority from plaintiff to make them, or to sell the negro as plaintiff's agent.

The presiding Judge refused to grant the new trial, and that refusal is the error complained of.

STONE & FITCH, for plaintiff in error.

TIDWELL & WOOTEN, *contra.*

*By the Court*—JENKINS, J., delivering the opinion.

1. The first exception in this record goes to error in the charge of the Court below, to the effect that the plaintiff was bound by any false representations as to the soundness of the slave sold, made by her agent and uncontradicted by her.

The evidence shows that the negro, which was the consideration of the notes sued on, was sold at public outcry by an auctioneer, in the presence and under the direction of the plaintiff as administratrix, etc.

It does not appear that the plaintiff had any agent in this sale, other than the auctioneer; nor does it appear that he made any representations whatever relative to the soundness of the negro. It is proven, that one Noah Smith (the plaintiff's brother, being present, and having been questioned to the point by a bystander,) stated that the negro was sound. There is no evidence that he was authorized by plaintiff to make this or any other statement, nor that she heard the statement made by him. Looking to the state of the proofs and to the pleadings, we think that this charge was unguarded and calculated to mislead the jury.

2. The verdict of the jury is contrary to law and to the evidence. Defendant's plea is, that the consideration of the notes sued on has failed, in this, that they were given in part

payment for a certain negro, which was, by the terms of the sale, warranted to be sound, and which was in fact unsound, having a disease of which she afterward died. There is no allegation of deceit in the sale.

This defense must fail in law, for the reason that an administrator can not bind the estate of his intestate by a warranty of the soundness of an article sold by him. The case of Williamson vs. Walker, 24 Ga. R., 257, does not go to this length; but only to the extent that an estate can not be profited by a willfully false representation of the representative.

Nor, in our opinion, was the defense at all more successful upon the facts. There is no proof of a warranty of soundness. The proof of unsoundness at the time of the sale is by no means satisfactory. There is abundant evidence that the slave died of an acute disease which she could not have had at the time of the sale. There was error in overruling the motion for a new trial.

Let the judgment be reversed.