### KIRKLAND *vs.* WADE, guardian.

At administrator's sale, whether public or private, the rule is *caveat emptor*. When the sale is of wild lands on a credit, and a bond for titles is given by the administrator to the purchaser, representations made by the former to the latter, concerning the title, twelve months afterwards, on executing a deed and taking a mortgage upon the land for security of the purchase money, will not be cause for rescision, or for withholding payment of the price. Such representations will constitute no defense to an ordinary suit upon the note, or to a rule to foreclose the mortgage. As the sale itself was without fraud, and as the lands were bound from the beginning for their own purchase money, and as the purchaser was liable therefor out of his general estate, the representations complained of, even if false and fraudulent, were productive of no damage.

Administrators and executors. Sales. Rescision. Before Judge KIDDOO. Miller Superior Court. April Term, 1878.

Wade, as guardian of the heirs of Stafford, brought complaint against Kirkland, on a note dated May 9th, 1873, due by January 1st thereafter, for $1,492.00. He also commenced proceedings to foreclose a mortgage given to secure the payment of the note. The two cases were, by consent, tried together.

The defendant pleaded that the note was given for lands purchased from Wade, as administrator of the estate of Stafford, the title to which the latter represented to be perfect; that the purchase was made upon the faith of this representation; that no legal title had been made to him, and, therefore, the consideration had failed; that he had expended money in making improvements, etc. He prayed rescission and general relief.

The evidence presented the following facts: Wade, as administrator of Stafford, was, by order of the court of ordinary, authorized to sell the wild lands belonging to the estate at private sale. Under this authority, in the spring of 1872, he sold to Kirkland, taking note for purchase money, and giving bond for title. Kirkland having failed to meet his note in the fall of 1872, when it matured, Wade proposed to him to take up the bond, execute deed, and take note secured by mortgage for purchase money. This transaction took place on May 9th, 1873. The change was made for the purpose of enabling Wade to wind up the administration of the Stafford estate, and to transfer the note and mortgage to himself as guardian. He then told Kirkland that he did not have the other title papers, but thought they were in possession of his brother, the executor of his father's estate, who was absent in Rome. He also stated that the title of the Stafford estate to the lands was good, and he still insists that such is the fact. He has, after thorough search, been unable to find the title papers. They have been lost or destroyed. Kirkland has made several propositions to rescind, based on his inability to pay, but not on defect of title. Kirkland's possession had not been interfered with in any way. No suit had been commenced against him, nor was any threatened. The main reason why he feared an adverse claimant was the failure of Wade to furnish him with the title papers. In all these matters Wade acted solely in his capacity as administrator.

The court charged substantially the principle enunciated in the head note. The jury found for the plaintiff. The

defendant moved for a new trial upon numerous grounds, and amongst them, because of error in the charge above alluded to. The motion was overruled and the defendant excepted.

I. A. BUSH; FLEMING & RUSSELL, by R. N. ELY, for plaintiff in error, cited, 2 *Ga.*, 442 ; 6 *Ib.*, 220 ; 16 *Ib.*, 432 ; 23 *Ib.*, 26 ; 43 *Ib.*, 579 ; 8 *Ib.*, 236 ; 38 *Ib.*, 558 ; 4 *Ib.*, 148 ; Code, §§3174, 2555, 2556.

A. C. SHEFFIELD; E. C. BOWER, for defendent, *Caveat emptor*, Code, §§2622, 2563, 2651 ; 8 *Ga.*, 236. Cancellation, 10 *Ga.*, 127 ; 55 *Ib.*, 152, 164, 288.

BLECKLEY, Justice.

·The case, though it has many sprangles in the record, has a solid nucleus which controls it. The purchase was of wild land sold by an administrator ·at private sale, under an order of the court of ordinary. There was no fraud or misrepresentation in that sale. To the purchaser, the maxim of *caveat emptor* applied. He incurred a debt for the agreed purchase money, whether the intestate ever had a title to the land or not. That debt he afterwards, on receiving a conveyance from the administrator, secured by a mortgage upon the land. It was then, if ever, that the administrator misrepresented the intestate's title. But what harm was done by the alleged misrepresentation? It drew the purchaser into no liability which he had not already incurred. The land, under the bond for titles as well as under the mortgage, was liable for its own purchase money. And the purchaser's general estate was just as liable for it before the mortgage was given, as it was afterwards. The only fruit of the alleged misrepresentation was the mortgage, but the giving of a mortgage upon land which was already bound as effectually, if not more effectually, for its own purchase money, was productive of no damage. So this

litigation is really about nothing.   Fraud or no fraud, nobody has been hurt in the least.

Judgment affirmed.