COLBERT vs. MOORE, administrator.

A purchaser of property at administrator's sale cannot repudiate his bid because of a defective title, or no title at all in the intestate, when there is no fraud or misrepresentation by the administrator. An administrator cannot bind the estate by warranty in any conveyance or contract made by him.

Administrators and executors. Judicial sales. Before Judge SIMMONS. Crawford Superior Court. March Term, 1879.

Moore was the successor of Smith as administrator upon the estate of Culverhouse. The case is sufficiently reported in the opinion.

J. H. HALL, by brief, for plaintiff in error.

R. D. SMITH, by BACON & RUTHERFORD, for defendant.

CRAWFORD, Justice.

K. P. Smith, as the administrator of G. P. Culverhouse, filed a bill to marshal the assets of his intestate—was granted an interlocutory order directing the sale of the real estate of the deceased, at which sale John G. Colbert became the purchaser of certain lands so exposed to sale, and refusing to pay the purchase money, was sued therefor.

He pleaded the general issue, and further that the plaintiff could show no title in the intestate, and that he was ready to pay if the administrator could make good and valid title.

Under the charge of the court and the evidence submitted, the jury found a verdict for the plaintiff, and the defendant being dissatisfied therewith, moved a new trial upon several grounds. Those which must control this case are :

1. That the court erred in refusing to charge as requested

in writing, " That if Smith sold the land, and Colbert afterwards found that Smith had no title and could make him none, then Colbert was not bound to comply with the bid, that is, if Colbert demanded a title of Smith."

2. Because the court erred in charging further, " That an administrator cannot bind the estate he represents by any warranty; Smith, as the administrator, could not bind the estate of Culverhouse by warranting this property, even if he had attempted to do so. In all judicial sales the purchaser must look to the soundness of the title for himself. In sheriffs', executors' and administrators' sales the purchaser is bound to look for himself, not only as to the soundness of the property, but as to the title, and to see if the party had the right to sell."

3. Because the court erred in charging as follows : " Did Smith make any false representations as to quantity, quality or title to the land ? did his crier make any, and was Colbert misled by them, acted on them ? then he is not bound. But if neither Smith nor his agent who cried the property, or if Colbert was not misled by them, he is bound by his bid and you should so find."

The request to charge, which was refused, and the charges given, bring us directly to the question in this case, which is, whether a purchaser of property at administrator's sale can repudiate his bid because of a defective title, or no title at all in the intestate, where there is no fraud or misrepresentation by the administrator. Section 2622 of the Code declares, " The purchaser must look for himself as to the title and soundness of all property sold under judicial process. Actual fraud or misrepresentations by the officer or his agents may bind personally." These principles were ruled in 8 *Ga.*, 236 and 300 ; 11 *Ib.*, 1 ; 18 *Ib.*, 553, and incorporated into the Code therefrom, and are now the fixed and settled law of this state. "An administrator cannot bind the estate by any warranty in any conveyance or contract made by him, nor is he personally bound by such contract unless the personal liability is dis-

tinctly expressed." Code, §2563. Recognizing therefore the principles given in the charge as being sound law, we affirm the judgment.

Judgment affirmed.