## WELLS vs. HARPER, executor.

When one applies to an executor or administrator for information as to the title to land advertised for sale by such executor or administrator, or as to its quality or quantity, it is the same as if application were made to one who had no interest in the land. An executor or administrator cannot warrant the title; and this being so, his statements fix no liability upon the estate he represents nor upon himself. A purchaser at such a sale takes subject to the rule caveat emptor.

July 11, 1888.

Administrators and executors. Misrepresentation. Vendor and purchaser. Before Judge Fort. Macon superior court. November term, 1887.

Reported in the decision.

Lyon & Estes, J. W. Haygood and F. T. Snead, for plaintiff in error.

Wells *vs.* Harper, executor.

W. H. FISH and E. G. SIMMONS, *contra.*

BLANDFORD, Justice.

Harper, who was executor of Drumright, advertised a certain tract of land for sale. Wells applied to Harper to know something about the title, and was informed by Harper that the testator had a good title; whereas, it is alleged, he did not have a good title, the property having been conveyed to Drumright by a married woman in payment of her husband's debt. The land was brought to sale, and was bid off by Wells. Wells afterwards refused to comply with his bid, and the property was subsequently sold by the executor, and at the second sale did not sell for as much as it did when it was sold to Wells; and this action was brought by the executor against Wells to recover the difference. Wells contended that the executor's representations as to the title, although conceded to have been made in good faith, were a fraud in law, and that therefore he ought not to be compelled to comply with his bid.

We are of the opinion that when one applies to an executor or administrator for information as to the title to land, or as to its quality or quantity, it is the same as if he were to apply to somebody else who had no interest in it whatever. He cannot warrant the title. That being so, the statement of the executor or administrator fixes no liability upon the estate nor upon himself. A purchaser at such a sale purchases with his eyes open. *Caveat emptor* is the rule.

The court below held according to the views we have just expressed; and the judgment is affirmed.