## HANESLEY v. BAGLEY.

1. One who contracted, for a stipulated commission, to obtain for another a loan of money to be secured by a mortgage upon land belonging to the latter, is not entitled to compensation for services rendered in finding a person willing and ready to make the desired loan on condition that the applicant therefor had a good title to the land in question, when it appears that the latter in fact had such a title, and that the loan was refused because of an alleged cloud thereon which was in law no cloud at all.

2. Applying the above rule to the undisputed facts of the present case, the verdict was right and ought to stand, whether the charges complained of were correct and applicable or not.

*Argued November 2, — Decided November 30, 1899.*

Complaint.   Before Judge Littlejohn.   Sumter superior court.   May term, 1899.

*R. L. Maynard*, for plaintiff.

COBB, J.   Hanesley sued Mrs. Bagley in a justice's court upon an account for commissions in negotiating a loan for $1,000. The defendant filed a plea alleging that she was not indebted to the plaintiff in any amount whatever.   The case went by appeal to the superior court, and upon the trial there it appeared that Mrs. Bagley had employed Hanesley to procure her a loan of $1,000, to be secured by a first mortgage upon a tract of land owned by her, and that Hanesley had procured a lender who was ready to advance the money, but that on account of an alleged cloud on the title of Mrs. Bagley to a portion of the land offered by her as security, which she declined to remove, the lender refused to complete the contract of loan.   Hanesley contended that he had performed every service which his contract with the defendant required of him, and that for this reason he was entitled to his commission.   The jury returned a verdict in favor of the defendant, and the plaintiff's motion for a new trial having been overruled, he excepted.   If Hanesley complied with his part of the contract and secured a lender who was willing to advance the money to Mrs. Bagley upon the property which she tendered as security, and she without just cause declined to accept the money, Hanesley would be entitled to recover.   If, on the other hand, the failure to com-

plete the contract was not due to any fault on her part or to any real defect in her title, then Hanesley would not be entitled to recover simply because, for reasons satisfactory to himself, the lender procured by him declined to consummate the loan. See in this connection *Davis* v. *Morgan*, 96 *Ga.* 518. It therefore becomes necessary to determine whether the failure to complete the loan was due to any reason for which the defendant could be properly held responsible. It appears from the record that the title of Mrs. Bagley to all of the land offered by her as security, except a tract of fifty acres, was satisfactory to the lender. The defendant and those under whom she claimed had been in uninterrupted possession of this fifty acres for thirty-seven years, the paper title under which she claimed originating in 1861 in a deed in which Charles A. Walker was the grantor. In 1887 the administrator of Charles A. Walker sold and conveyed to one Clay as the property of his intestate a lot of land which embraced the fifty acres in question. It is claimed that this deed is a cloud upon the title of Mrs. Bagley which it was her duty to remove, and that, having failed to do so, the lender was justified in law in refusing to make the loan, and hence that Hanesley was entitled to recover his commission. We do not think that, under the facts disclosed by the record, the deed from the administrator of Walker to Clay constitutes such a cloud upon the title of the defendant as would render her liable under her contract with the plaintiff upon her failure to remove the same. It would not be necessary to invoke the aid of a court of equity to remove it, and therefore such a deed would be no obstacle in law to the completion of the loan by the lender, the undertaking of the defendant being simply to tender as security a tract of land of which she was the owner.

In *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538, it was held that, "In order for outstanding conveyances to be a cloud upon title, it is necessary that they of themselves, or in connection with alleged extrinsic facts, should constitute an apparent title; that is, one upon which a recovery could or might be had against the true owner were he in possession and relying upon possession alone. Anything which would force him to attack

the adverse title, or to exhibit his own, would be a cloud; anything which would not have this effect, would be no cloud." Applying this rule to the facts of the present case, it becomes at once apparent that the outstanding conveyance in Clay was no cloud whatever upon the title of Mrs. Bagley. He took the same at a time when there was in possession a person who was holding adversely to the grantor in the conveyance to him. He has never been in possession under the deed; and if he were to bring an action of ejectment against Mrs. Bagley, or any one else in possession of the fifty acres of land, his action would necessarily fail, as he could in no event recover upon this deed, there being no evidence whatever of any facts which, taken in connection with the deed he holds, would make out a prima facie case in his favor. Moreover, his case would fail for the reason that, at the time of the administrator's sale under which he holds, the administrator was not only not in possession of the land but the same was in the possession of another person holding adversely to such administrator; and for this reason, if for no other, Clay acquired no title under his deed. Civil Code, § 3457; *Heard* v. *Phillips*, 101 *Ga.* 691. In any view of the case, therefore, the deed held by Clay was not such a cloud upon the title of the defendant as that a court of equity would entertain an application to remove the same; and therefore when she tendered the property as her own she complied with her contract with the plaintiff, and it was due to no fault of hers that the loan was not consummated. Of course, the lender procured by Hanesley had a right to demand a title which was satisfactory to himself; and if he declined to make the loan merely on account of a supposed defect in the title of the person applying for the loan, it was Hanesley's misfortune. He can not demand his commission from his client, under his contract with her, until he either actually obtains the money or shows that the failure to complete the loan is due to some reason for which she alone is in law responsible. The verdict was demanded by the evidence; and if any errors in charging were committed, they were immaterial.

*Judgment affirmed. All the Justices concurring, except Simmons, C. J., who was disqualified.*