## KEEN *v.* McAFEE *et al.,* executors.

1. Where one purchases land at an executor's sale and gives four promissory notes, due in successive years, in payment, and two of the notes mature and are not paid, the executors may bring suit upon the matured notes, but can not in the same action obtain judgment on the notes which, at the time suit is filed, are not due, without alleging some special equitable reason which would authorize a court of equity to render a decree or judgment for the amount of such unmatured notes. *Littleton* v. *Spell,* 77 *Ga.* 227 distinguished.

2. The doctrine of caveat emptor applies to sales of executors and administrators. Where at an executor's sale land is sold and the purchaser gives his promissory notes in payment of the purchase-price, and is sued thereon by the executor, there is no error in sustaining a demurrer to a plea filed by the purchaser which alleges that the executors represented to him that they had a right to sell; but that in fact neither the executors nor the testator had title to the land, and there was, therefore, a failure of consideration; and that the executors had no order of any court authorizing the sale, which was therefore void; — it appearing from the plea that the defendant went into possession under the sale and still retains possession, claiming to have subsequently purchased the true title.

Submitted November 22, — Decided December 11, 1902.

Complaint. Before Judge Hart. Laurens superior court. January 27, 1902.

*T. L. Griner* and *James K. Hines,* for plaintiff in error.
*J. L. Kent* and *E. L. Stephens,* contra.

SIMMONS, C. J.　The executors of McAfee brought their action against Keen, alleging that they as executors had sold him a certain tract of land for the purchase-price of which he had given them four promissory notes for $200 each, payable in successive years; that two of these notes had become due and that the other two were not due.　They prayed for a judgment for the amount of the two matured notes, and a special lien on the land; and also prayed that the sheriff sell the land, and, if it brought more than enough to pay off the two notes sued on, that he be directed to hold the surplus, and, on the maturity of the notes not due at the time of the filing of the suit, to apply it to the payment of these notes.　At the time of trial of the case all of the notes had become due.　The defendant's plea having been stricken, the judge directed a verdict against the defendant on all four of the notes, with a special lien on the land.　Judgment was entered up accordingly, giving the plaintiffs a general judgment and also a special lien upon the land, and directing that the land be sold, and that if there was any surplus after paying off all the notes, it should be turned over to the defendant.

1. The defendant excepted to the direction of the verdict and to the judgment thereon, on the ground that the judge had no power or authority to direct a verdict upon the two notes not sued on, or to enter judgment thereon.　We think these exceptions well taken.　Generally a person holding a written contract of another has no right to sue upon it until there is a breach of the contract, or to have any judgment on such contract without a suit thereon. The present suit was upon two notes which were past due, and the petition alleged that there were two other notes not then due, petitioners praying for a judgment for the amount of the two notes due, with a special lien on the land, and that if there was a surplus remaining after paying the notes then due, it should be held by the sheriff until the maturity of the other notes and then applied to them.　The judge for some reason — probably because all of the notes had matured before the date of the trial — directed a verdict for the full amount of all of the notes, and entered up judgment accordingly, giving a special lien for the full amount, and directing the sheriff to sell the land and to turn over to the defendant any surplus that might remain after paying off all of the notes. We think this was clearly erroneous.　There was no suit upon the

unmatured notes and no judgment prayed for on them. The court was therefore without jurisdiction to give judgment on them. The defendants in error seek to uphold the judgment, under the decision in *Littleton* v. *Spell*, 77 *Ga.* 227. The facts of that case were quite different from those shown by the present record. In that case the petition set out that the defendant had purchased certain land and had given therefor two notes; one of these was paid at maturity; the other was payable in four equal annual installments, and partial payments had been made on the installments due in 1883 and 1884, but nothing paid on the next installment, which was also due; the fourth installment was not due. It was alleged that the defendant was insolvent and was unable to pay for the land, and that he held plaintiff's obligation to make him titles. The plaintiff prayed for a judgment for the amounts due, that the land be sold and the proceeds be applied to the payment of the installments due, and that the surplus, if any, should be retained by the sheriff to satisfy the installment thereafter to become due. Under these facts, this court held that in equity the plaintiff was entitled to the relief sought, analogizing the case to the foreclosure of a mortgage where the debt was due in installments. In the present case the insolvency of the defendant was not alleged. So far as appears from the record, he is abundantly solvent and able to meet any judgment that could be obtained against him on these notes. Nor does it appear whether the plaintiff had made him a deed to the land or given him a bond for titles. No equitable reasons were given which would authorize a court of equity to grant the prayers of the petition. The petition makes simply a common-law suit upon two promissory notes, with a prayer for a special lien on the land, and that the surplus be held up to satisfy the other notes upon their maturity. Conceding that *Littleton* v. *Spell*, supra, was correctly decided, it is not controlling or applicable in the present case. Two of the notes were not sued on, and the judge erred in directing a verdict and entering a judgment thereon.

2. The defendant also complained that the judge erred in striking his pleas. These pleas were, in substance, that the plaintiffs represented to him that they had a right to sell the land, whereas in truth and in fact neither they nor their testator had any title to the land, and there was, therefore, no consideration for the notes;

that the title was in the State of Georgia, and so remained until it was granted to defendant; and further that the plaintiffs had no right to take the notes, because there was never any order granted them by any court authorizing the sale, and the contract was therefore illegal and void. In all judicial sales in this State the doctrine of caveat emptor applies. The purchaser at such a sale must at his peril ascertain that the officer making the sale has competent authority to make it, and that he is apparently proceeding to sell under the prescribed forms. If, therefore, an executor having the authority to sell puts up and exposes for sale a certain tract of land, the purchaser is, in the absence of fraud, bound to pay his bid although the testator had no title. At such a sale the executor sells the interest of the testator's estate, whatever it may be, without any warranty or guaranty. In *Colbert* v. *Moore*, 64 *Ga.* 502, it was held that " a purchaser of property at administrator's sale can not repudiate his bid because of a defective title, or no title at all in the intestate, when there is no fraud or misrepresentation by the administrator." See also *Jones* v. *Warnock*, 67 *Ga.* 484. The plea does not disclose that there was any fraud on the part of the executors at the time of the sale. It is true it alleges that they represented to defendant that they had a right to sell, but not that these representations were fraudulent or known to the executors to be false, or that the executors represented that their testator had title. Nor is it alleged that the defendant acted upon these misrepresentations or believed them to be true. The plea, therefore, failed to set up any such fraud or misrepresentations as would constitute a defense to the action on the notes. The plea also alleged that the executors had no order granted them by any court authorizing them to sell the land. This plea was also insufficient. It was the duty of the purchaser to ascertain, before bidding at the sale, whether the executors had competent authority to sell. A purchaser at judicial sale is bound to look to the judgment, the levy, and the deed. *Brooks* v. *Rooney*, 11 *Ga.* 423. Moreover, this being a sale by executors, the plea was insufficient in that it did not negative the power which may have been given in the will authorizing the executors to sell at private or public sale without an order of court. The plea should have alleged that the sale by the executors was unauthorized by either an order of court or the provisions of the will of the testator. In addition to

all of this, the purchaser should not be allowed to remain in possession and at the same time set up the invalidity of the sale by which he acquired that possession. It seems to us that before the defendant can make this defense, if he can make it at all, he should surrender the land to the executors. This certainly is the rule as to ordinary private sales. The pleas of the defendant contained nothing constituting a defense to the action, and they were properly stricken by the court. The judgment is reversed on the ground that the court erred in directing a verdict as to the two notes not sued on, and in entering judgment thereon.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*