### MERCER v. SAGER, executrix.

BECK, J. 1. Where land was sold by an executrix under a valid decree or judgment of a court of competent jurisdiction, directing said executrix "to sell the said several tracts of land in the foregoing petition mentioned and described at public outcry," and the same was duly advertised for four weeks before the sale, and regularly sold to the highest bidder, the purchaser at such sale took subject to the general rule of caveat emptor. *Kirkland* v. *Wade*, 61 *Ga.* 478; *Colbert* v. *Moore*, 64 *Ga.* 502; *Wells* v. *Harper*, 81 *Ga.* 194.

2. There being no misrepresentations or fraud by the executrix or any one conducting the sale, and it appearing that the alleged defects complained of by the purchaser could have been discovered as well before as after the sale, the purchaser was bound by his bid; and no error was committed by the court in decreeing specific performance of his contract by the bidder. *Judgment affirmed. All the Justices concur.*

Submitted March 12,—Decided October 3, 1907.

Specific performance. Before Judge Cann. Chatham superior court. April 11, 1906.

The second item of the will of Mary Houston, deceased, provided that her property should be held in trust by her executor, who was directed, out of the rents, income, and profits, to educate and maintain the minor children of the testatrix, and to pay the necessary expenses of the estate. And said executor was further directed "to hold together the corpus of said estate until the youngest child shall arrive at the age of twenty-one years; and then in further trust to divide the said corpus of the trust estate among all my children living at the time of such distribution, share and share alike as tenants in common, the child or children of a deceased child to take in place of the parent and to share per stirpes and not per capita." By a codicil the testatrix appointed Sager, defendant in error, executrix and trustee, "with all the powers therein conferred, . . any sale and reinvestment to be made by the said trustee only under the direction and decree of a court of competent jurisdiction in a proper case made." When the two youngest children of the testatrix had arrived at the ages of twenty and seventeen years respectively, they filed a petition against the executrix as such, and individually, and against the other children, praying that a division of the estate among all the children be made at once, for the reason that the net income of the estate was insufficient to educate and support the minor children according to the provisions of the will. All the legatees then in life consented to the relief sought in this petition; and the court passed an order which, after reciting that all parties at interest were represented, and the jury having returned a verdict in favor of the prayer in the petition, directed that the estate of the testatrix be divided among said legatees; and it was further ordered and decreed that the executrix "sell the said several tracts of land [belonging to said estate] . . at public outcry, after advertising the same once a week for four weeks before the sale on a regular sales day," and "that any sale shall be made subject to confirmation by this court." In conformity to the provisions of this decree the sale was made, and a portion of the lands was bid in by the plaintiff in error, and said sale was confirmed by the court. The case at bar arose upon a petition filed by the executrix to enforce this bid. The defendant, Mercer, filed his answer in which he admitted making the bid above referred to, but alleged that the court had no authority to decree the sale and dis-

tribution of said estate before the youngest child arrived at the age of twenty-one years, and that said sale was not binding upon contingent beneficiaries in said will, who were not parties to the said proceedings nor represented therein; and prayed that he be released from his said bid. The case was heard by the presiding judge without the intervention of a jury, and it was ordered and adjudged that the defendant be required to take the property and pay the amount bid by him therefor. The defendant excepted.

*Lester & Ravenel,* for plaintiff in error.

*Saussy & Saussy,* contra.