THRIFT BROTHERS *v.* BAKER, administrator, for use.

In an action to enjoin the cutting of timber, where it was alleged in the petition that the plaintiffs relied for title upon specified deeds constituting a chain which connected them with the State, one of the deeds forming a link in the chain being an administrator's deed, and it appeared on the trial that the administrator's deed was executed while the defendants were in possession of the land, holding adversely to the estate which the administrator represented, it was erroneous to allow the plaintiff to amend the petition by, making the administrator a party as suing for the use of the plaintiffs, and, after allowance of the amendment, to refuse to sustain a motion to rule out the administrator's deed on the ground that it was void.

· JANUARY 12, 1916.

Equitable petition. Before Judge Quincey. Ware superior court. December 28, 1914.

The Lewis Manufacturing Company and Georgia-Florida Land Company instituted an equitable action against Thrift Brothers, to enjoin the cutting of timber and working it for turpentine purposes on lot 523 in the 8th district of Ware county. The plaintiffs relied upon a chain of title from the State to themselves. One link in the chain was a deed executed by Baker as administrator of the estate of Beale, the State's immediate grantee. It appeared from uncontradicted evidence that the deed was executed while the defendants were in adverse possession. The deed was admitted in evidence without objection. After the evidence had closed and the judge had charged the jury, who were about to retire, the defendants made a motion to rule out the administrator's deed, on the ground that it was void, because the administrator could not convey land while held adversely by another; and also, as the deed was indispensable to the plaintiffs' case, that a verdict be directed for the defendants. The court was about to sustain the motion; whereupon the plaintiffs offered an amendment making the administrator of Beale a party plaintiff suing for the use of the original plaintiffs. The amendment was allowed over objections offered by the defendants; and error was assigned, pendente lite, upon this ruling. After the amendment was allowed, the jury returned a verdict for the plaintiffs. The defendants' motion for new trial was overruled, and they excepted, assigning error also upon the ruling allowing the amendment.

*John C. McDonald, A. B. Spence,* and *Parker & Walker,* for plaintiffs in error.. *Wilson, Bennett & Lambdin,* contra.

ATKINSON, J. We think the judge erred in allowing the amendment to the petition, and that a reversal of the judgment is required, and that other assignments of error relate to matters which will not likely occur on another trial. We will therefore discuss only the question as to the allowance of the amendment. It is declared in the Civil Code, § 4033, which has the force of a statute, that "An administrator can not sell property held adversely to the estate by a third person; he must first recover possession." In *Lowe v. Bivins,* 112 *Ga.* 341 (37 S. E. 374), applying this provision of the code, it was held: "In an action for the recovery of land, where it was necessary for the plaintiff to rely upon a deed to such land made in pursuance of an administrator's sale of the same, and it clearly appeared from the evidence that, at the time of such sale, a considerable portion of the land was held adversely to the estate of the intestate by a third person, a verdict in favor of the plaintiff for the premises in dispute was contrary to the evidence and to law." A similar ruling was made in the case of *Hall v. Armor,* 68 *Ga.* 449. The same doctrine was recognized in *Hanesley v. Bagley,* 109 *Ga.* 346 (34 S. E. 584), where it was said by Cobb, J.: "Moreover, his case would fall for the reason that, at the time of the administrator's sale, under which he holds, the administrator was not only not in the possession of the land, but the same was in the possession of another holding adversely to such administrator; and for this reason, if for no other, Clay acquired no interest under the deed." The doctrine was likewise applied in *Downing Lumber Co. v. Medlin,* 136 *Ga.* 665, 668 (72 S. E. 22), wherein Holden, J., said: "The main reason that such sales are made void is that property, though actually belonging to the estate, would not likely bring its full value when held adversely to the estate, and the administrator could not give possession. . . It makes no difference whether the land be designated as wild land, or by some other description; the fact that it is held adversely to the estate makes the sale of it by the administrator of the estate void." From the foregoing, it may be said that a purchaser of land at administrator's sale, while the land is held in adverse possession to the estate which the administrator represents, derives no interest or title to the land by virtue of his purchase and the deed given in pursuance of the sale. The doctrine of caveat emptor applies to administrators' sales (*Mercer v. Sager,* 129 *Ga.* 123, 58 S. E.

1037) ; and the purchaser at a void administrator's sale does not, by virtue of the transaction, acquire an interest in the property attempted to be sold. If he could recover the purchase-money which he might have paid (see *Williamson* v. *Walker,* 24 *Ga.* 257 (71 Am. D. 119) ; *Ramsey* v. *Blalock,* 32 *Ga.* 376), that would be different from getting an interest in the property of the estate which was attempted to be sold illegally. The attack made upon the administrator's deed pointed out a dilemma which the plaintiffs recognized and sought to avoid by amendment to the petition, whereby the administrator was made a party plaintiff, suing for the use of the original plaintiffs. The attempt however, was futile. A person may sue in the name of another for his use, if he has a beneficial interest to protect, and the legal right to sue is in the other. *Wheeler* v. *Stapleton,* 99 *Ga.* 731 (27 S. E. 724) ; *Holcombe* v. *Richmond & Danville R. Co.,* 78 *Ga.* 776 (3 S. E. 755) ; Civil Code, § 5689. But there is no rule which authorizes a person having no beneficial interest to protect to sue in the name of another for his use. The plaintiffs in this case sought to sue in the name of the administrator for their use, on the unfounded hypothesis that they were privies in estate to the administrator. It was contended, that although the administrator's deed was ineffectual as conveying title, yet it operated as authority to the grantee and his privies in estate to use the name of the administrator in suing for their use. The administrator is a statutory officer, having authority to sue for the benefit of the estate which he represents (Civil Code, § 5933), but there is no authority for him to sue for the use of a stranger. Had the administrator attempted to sue for the use of the plaintiffs in this case, he would not have been authorized to do so; much less would his void deed, by implication, have conferred upon the plaintiffs the right to sue in his name for their use. The amendment, in effect, added a new and distinct party plaintiff, which the statute prohibits. Civil Code, §§ 5683, 5515, 5516. We are not constrained to hold differently on account of anything said in the cases of *Williams* v. *Rawlins,* 33 *Ga.* 117; *English* v. *Register,* 7 *Ga.* 387; *Thompson* v. *Richards,* 19 *Ga.* 594; *Wood* v. *McGuire,* 21 *Ga.* 576; none of which involved administrator's deeds.

The judge erred in allowing the petition to be amended, and in

Ga.)  OCTOBER TERM, 1915.  511

refusing to sustain the motion to exclude the administrator's deed.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*