## McKINNON & McCARTHY *v.* SHEFFIELD, administrator.

ATKINSON, J. 1. The doctrine of caveat emptor applies to administrators' sales. *Wells* v. *Harper,* 82 *Ga.* 194 (6 S. E. 913, 12 Am. St. R. 310); *Mercer* v. *Sager,* 129 *Ga.* 123 (58 S. E. 1037); *Thrift* v. *Baker,* 144 *Ga.* 508 (87 S. E. 676). Therefore the provision of the Civil Code, § 4122, for apportionment of the purchase-price on account of deficiency of acreage in a sale of land where the purchase is by the acre, has no application to administrators' sales. *Greer* v. *McDonald,* 141 *Ga.* 309 (80 S. E. 1002).

2. Upon the allegations of the petition as amended and the proposed amendment which was rejected by the court, the case falls within the principle of *Greer* v. *McDonald;* supra, and the court did not err in rejecting the proffered amendment and dismissing the action on general demurrer.

(a) The allegation that the deed was the result of "mutual mistake" and was so made by the "scrivener" in drawing the deed does not take the case without the principle of *Greer* v. *McDonald,* supra.

*Judgment affirmed. All the Justices concur.*

No. 1128. JULY 16, 1919.

Action to reform deed.    Before Judge Highsmith.    Camden superior court.   July 29, 1918.

*J. T. Vocelle,* for plaintiffs.    *S. C. Townsend,* for defendant.