## 38366. MOORE v. HARTFORD ACCIDENT & INDEMNITY COMPANY.

DECIDED SEPTEMBER 12, 1960—REHEARING DENIED OCTOBER 5, 1960.

516

*J. L. Glover, Welborn B. Davis, Jr., Charles L. Goodson,* for plaintiff in error.

*Sanders & Mottola, Walter D. Sanders, Willis G. Haugen, Robert D. Tisinger,* contra.

FELTON, Chief Judge. ■ The plaintiff in error contends that the defendant's surety is liable in damages because the Clerk of Carroll Superior Court violated the following Code provision: *Code* § 24-2715 (8): "The Clerk of the Superior Court shall provide at the expense of each county, a duplex index book wherein shall be indexed the names of grantor and grantee of every instrument recorded in his office, the character of the instrument, date of the instrument, book where recorded and the date of the record." Assuming but not deciding that a breach of said Code section would render the clerk and the surety on his bond liable, we do not think that under the facts alleged in the petition the clerk violated the duties imposed by this Code section. The law does not define what a grantor is. We have found no cases defining what a grantor is with reference to the indexing of records. The common acceptance and meaning of the word grantor is that he is one who transfers title to another regardless of whose title is being transferred. The clerks of the superior courts in Georgia are not required to be lawyers nor expert title examiners and we think that it would be unwise and unjust to require of the clerks of the superior courts the duty to ascertain the technical aspects of title examination, the indexing of deeds and the effect of indexing on a search for deeds or other conveyances before recording and indexing deeds. The deed in this case from the receiver purported to pass the title to the grantee and while this is not determinative, the petition does not show that the title to the property conveyed by the receiver was not in the receiver under the order of the court in the receivership proceeding if it be conceded that technically

a grantor can only convey his own title which we do not think is the case. The court recognizes that it would be helpful to lawyers and other title examiners and the general public for the indexes to deeds from administrators, trustees, guardians, receivers, etc., to show the name of the person or estate for whom the property is being conveyed so that the abstractor can connect all the links in the chain of title and we are quite sure that since this question has arisen the clerks will be advised and will cooperate in the indexing of conveyances in the manner most helpful to those examining titles. Under the allegations of the petition we are of the opinion that the clerk complied with the said Code section in indexing the deed as he did and that he did not breach any duty to the public or the plaintiff and the court correctly sustained the demurrer.

■ There is another reason why the court was correct in sustaining the general demurrer to the petition. *Code* § 39-1307 provides: "The purchaser shall look for himself as to the title and soundness of all property sold under judicial process. Actual fraud or misrepresentation by the officer or his agent may bind him personally. No covenant of warranty shall bind him individually, unless made with the intention and for a valuable consideration." This rule of caveat emptor applies to administrator sales. See, *Jones v. Warnock*, 67 Ga. 484(2) ; *Keen v. McAfee*, 116 Ga. 728, 731 (42 S. E. 1022); *Holmes v. Holmes*, 140 Ga. 217 (78 S. E. 903); *Peek v. Peek*, 166 Ga. 166 (142 S. E. 553); *Kurfees v. Davis*, 178 Ga. 429 (173 S. E. 157, 160); *Brady v. Smotherman*, 51 Ga. App. 480 (180 S. E. 862); *Kirkland v. Wade*, 61 Ga. 478 (68 A.L.R. 672); *Wells v. Harper*, 81 Ga. 194 (6 S. E. 913, 12 Am. St. Rep. 310) *Mercer v. Sager*, 129 Ga. 123 (58 S. E. 1037); *Thrift Bros. v. Baker*, 144 Ga. 508 (87 S. E. 676). *Code* § 113-1714 provides: "An administrator may not sell property held adversely to the estate by a third person; he shall first recover possession." The petition in this case does not show that the administrator was in possession of the property sold to the plaintiff. While the petition does show that the plaintiff surrendered possession of the property after the judgment rendered against him in the United States District Court, it does not necessarily show that the

**518**

plaintiff acquired possession from the administrator under the administrator's deed; neither does the petition show that the land was not in the possession of one holding adversely to the estate or estates of which said Roberts was administrator and it is well known that the possession of land is notice of whatever right or title the occupant has, and such a notice is not limited to what would be discovered by an examination of the public records. *Code* § 85-408; *Wren v. Wren*, 199 Ga. 851 (36 S. E. 2d 77, 162 A.L.R. 204). For example, if Louisa Springer had executed a warranty deed to the property which had not been recorded, if the grantee in that deed had gone into possession under it, his title would be protected by the notice which his possession afforded. From what has been said above in this division of the opinion it appears that the plaintiff has not negatived his failure to exercise due diligence. It therefore follows that the petition does not show that the failure of the clerk to index the receiver's deed, as the plaintiff contends it should have been indexed, was the efficient proximate cause of the plaintiff's loss suffered by his attempted purchase of said land from Roberts as administrator. The court did not err in sustaining the general demurrer to the petition and dismissing the action.

*Judgment affirmed. Nichols and Bell, JJ., concur.*