No. 15.—JOHN DOE, *ex dem.* SARAH F. CLEMENTS, plaintiff in error, *vs.* RICHARD ROE, *cas. ejec.* and JAMES B. HENDERSON, tenant in possession, defendant in error.

[1.] Where a party claims title to land under an administrator's deed, he must in all cases, show the order of the Court of Ordinary, granting the administrator license to sell the land.

[2.] In order to divest the title of the heirs to the lands of their deceased intestate ancestor, by an administrator's sale, it must be shown that the requisitions of the statute, authorizing such sales, have been complied with.

[3.] After the authority of the Court of Ordinary to make the sale has been shown, the recitals in the deed made by the administrator to the purchaser, of the acts required to be done by him under the statute, will be considered as *prima facie* evidence of the truth of such acts having been done, until the contrary is shown.

This was an action of ejectment, tried before Judge ALEXANDER, in the Superior Court of Harris county, Sept. Term, 1847.

Clements *vs*. Henderson.

The facts disclosed by the bill of exceptions, were :

John Clements died in 1834 or 1835, being at the time of his death in possession of three lots of land, in originally Muscogee, now Harris county, the premises in dispute ; and leaving at his death, his widow Mary Ann Clements, and the lessor of the plaintiff, Sarah F. Clements, then a minor, his only heirs at law. The widow, failing to elect within the time prescribed by statute, was entitled only to dower, and the lessor of the plaintiff became the only heir at law of the real estate of John Clements. Possession in the defendant, Henderson, was proved for two or three years previous to the trial. The defendant showed, by the minutes of the Court of Ordinary, the granting of letters of administration on the estate of John Clements, to Wm. Boyd, and Mary Ann Clements, in June, 1835 ; and that afterwards, upon the marriage of Mary Ann Clements with Robert B. Wells, said Wells was appointed administrator in right of his wife, in May, 1836.

In September, 1836, an order was granted to the administrators, that they have leave to sell all the real estate of John Clements.

The defendant then offered in evidence a deed made by Robert B. Wells and Wm. Boyd, as administrators, to one Richard K. Beall, properly executed and conveying the premises in dispute ; and reciting that, " in obedience to an order of the Honorable the " Inferior Court of Harris county, sitting for ordinary purposes, " at September adjourned term, in the year 1836, to Wm. Boyd " and Robert B. Wells, of Harris county, administrators of all " and singular, the real estate of John Clements, deceased, of " Harris county aforesaid, and State aforesaid, to sell and dispose " of, at public outcry, a tract of land," (describing the premises in dispute,) " the said lot of land was exposed to sale at public out- " cry, at the Court-House in Hamilton, in said county, on the " first Tuesday in October, 1837, when Richard K. Beall becom- " ing the highest bidder, it was knocked off to him at the sum of " four thousand five hundred dollars."

To the admitting of which deed in evidence, plaintiff's counsel objected, because " the deed and other evidence produced by the defendant, was not evidence that the land had been advertised, and the other requisites of the statute in such case made and provided, had been complied with by the administrators before making the deed." Which objection the Court overruled, and plaintiff excepted.

Plaintiff's counsel also objected that the deed was not support-

ed by the order of the Court of Ordinary, granting leave to sell, and for other defects appearing on the face of the deed," which objection was overruled and plaintiff excepted.

The defendant gave in evidence a deed to the premises from Beall to himself, dated prior to the commencement of the suit.

Plaintiff's counsel requested the court to charge the jury, "that in order to set up title to land under an administrator's deed, it was incumbent on the party claiming under the deed, to prove that the administrator had an order to sell the land, and that the land had been advertised for sale by the administrator, as required by statute, and that it was sold at public outcry, on the first Tuesday in the month, at the Court-House in the county where the land lay, between the lawful hours of sale, to the highest bidder."

Which charge the Court refused to give, but charged the jury: "That the order of the Court of Ordinary was all that was required to be proven by the defendant to support the administrator's deed, and that it was not necessary for the defendant, or person claiming under an administrator's deed, to pass title by said deed, to prove, that the land was advertised for sale by the administrator, as required by statute, or that it was sold at public outcry on the first Tuesday in the month, at the Court-House in the county where the land lay, between the lawful hours of sale, to the highest bidder." To which charge plaintiff excepted. Upon which error has been assigned:

1st. That the Court erred in admitting the deed from Boyd and Wells as administrators, to Beall, before there was testimony to show, that the land had been advertised, and the other prerequisites of the statute complied with.

2d. In overruling the objection of Plaintiff's counsel to the admission of the deed, that "it was not supported by the order of the Court of Ordinary, granting leave to sell, and for other defects appearing upon its face."

3d. In refusing to charge the jury, "that in order to set up title to land, under an administrator's deed, it is incumbent on the party claiming under the deed, to prove, in order to sell the land, that the land had been advertised for sale as required by the statute, and that it was sold at public outcry on the first Tuesday of the month, at the Court-House, in the county where the land lay, between the lawful hours of sale, to the highest bidder."

4th. In charging the Jury, that "the order of the Court of Ordinary, granting leave to sell land, was all that was required to be proven by the defendant, to support the administrator's deed, and that it was not necessary for the defendant, or person claiming under an administrator's deed, to pass title by the deed, to prove that the other prerequisites of the Statute had been complied with."

JOHN L. STEPHENS, for plaintiff in error, urged,

1st. A party setting up a conveyance, must furnish the evidence necessary to support it.  And if the validity of a deed depends on a matter *in pais*, the party claiming under it, is as much bound to prove the performance of the act, as he would be bound to prove any matter of record, on which the validity of the deed might depend, and cited 4 *Wheat.* 77.  2 *Pet. Dig.* 32.

2d. The requisitions of the Statute of this State, regulating the time, manner, and place of sales of land by administrators, are matters *in pais*, which the parties are bound to observe, and a compliance with which is necessary to the validity of a deed made in pursuance to said Statute. *Prince's Dig.* 248.  *Sugd. on Pow.* 209, 13.  6 *Wheat.* 119.  7 *Mass.* 492.  3 *Ib.* 399.  15 *Ib.* 310.  7 *Wheat.* 59.  7 *Pick.* 116.  9 *Ib.* 286.  15 *Ib.* 31, '2. 1 *Mass.* 247.  2 *Stew.* 331.  3 *St. & Port.* 355.  3 *Cow.* 301.

PORTER INGRAM, for defendant in error, urged,

That the administrator has entire control over the property of his intestate, and may dispose of it as he thinks proper, *even privately*, without the order of the Ordinary, and if there be no *fraud* in the sale, legatees and creditors cannot follow it in the hands of a *bona fide* purchaser, but must look to the administrator and his sureties ; and cited 4 *Term. Rep.* 621.  *Field vs. Shieffelin, et al.* 7 *J. C. R.* 332.  *Bond & Murdock, et al. vs. Zeigler, et al.* 1 *Kelly*, 324.  1 *Mad. Ch.* 285, '6.  26 *E. C. L.* 210.  3 *J. C. R.* 582.  1 *Vez.* 106.  2 *Ib.* 459.  2 *Atk.* 33.

2d. The Statutes regulating administrator's sales, were passed for the *benefit and protection* of the administrator. The purchaser is not bound to see, that all the preliminary requisites have been complied with.  In case of Sheriff's sales, this is not required of the purchaser, and cited *Bookley vs. Scriven*, 1 *Nott & McC.* 408.

*Hopkins vs. DeGraffenreid,* 2 *Bay,* 441.   *Turner vs. McRea,* 1 *Nott & McC.* 11.

Nor in case of lands sold for taxes.   1 *Murph.* 311.   1 *Car. L. Rep.* 511.   *Allen vs. Robinson,* 3 *Bibb,* 326.   *Borry vs. Rhea,* 1 *Tenn. Rep.* 345.

The decision sought by the plaintiff in error would subvert the titles to a large portion of the lands in the State, which, first and last, have passed under the hammer of sheriffs, administrators, executors and guardians.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] On the trial of this cause, it was objected, that the order to sell *all the real estate* of the decedent, was not sufficient authority to the administrators to sell the *particular lots* of land described in the deed.   Perhaps it would have been more regular, and the better practice undoubtedly is, to have the lands described by number and district, in the order of the Court of Ordinary granting leave to sell, so that it may distinctly appear, what lands of the intestate the administrator has leave of the Court to sell, for the payment of debts.   The order here, however, was to sell *all the real estate* of the intestate, which necessarily includes all the lands of which he was seized, at the time of his death, embracing the premises in controversy; therefore, this exception was properly overruled by the court below.

The other objections to the deed being read in evidence, and the exceptions to the charge of the Court being substantially the same, will be considered together.

In this State, on the death of the ancestor intestate, his lands descend to his heirs at law, the title to which, is subject to be divested for the payment of debts, in the manner prescribed by the General Assembly.

On the death of John Clements, the intestate, the title to his lands was cast upon his heirs, one of whom is now the lessor of the plaintiff.   The title of the heir is sought to be divested by an administrator's sale of the premises in dispute.

The Act of 1816 provides, that on the application of the administrator, it shall be lawful for the Inferior Courts in the several counties in this State, when sitting for Ordinary purposes, to order a sale of a part or the whole of the real estate of the intes-

Clements *vs.* Henderson.

tate, where it is made *fully, and plainly appear, that the same will be for the benefit of the heirs and creditors of such estate.* The Act requires that a notice of such application for sale, shall be first made in one of the public gazettes of this State, at least four months before any order absolute shall be made thereupon. And further directs, that the sale shall be at public auction, on the first Tuesday of the month, between the usual hours of sale, at the place of public sales in the county where such real estate may lay; first giving sixty days' notice thereof, in one of the public gazettes of this State, and at the door of the court-house, in the county where such sales are to be had. *Prince's Dig.* 248. By virtue of this Statute, the administrator is clothed with a *naked power* to sell the real estate of his intestate, and whenever it is made *fully,* and *plainly* to appear to the Court of Ordinary, that such sale will be for the benefit of the heirs and creditors of such estate. In the execution of this power, conferred upon the administrator, the legislature have thought proper to impose certain conditions and restrictions. First, the administrator must obtain the order of the Court of Ordinary, granting him license to make the sale, which order must be preceded by a four months' notice, in one of the gazettes of this State, of his intended application for such order. Second, the sale must be made at public auction, on the first Tuesday in the month, between the usual hours of sale. Third, the land must be sold at the place of public sales, in the county where the same lies. Fourth, the administrator is required to give sixty days notice of the time and place of such sale, in one of the gazettes of this State, and at the door of the court house in the county where such sale is to be had. The title of the heirs to the lands of their ancestor, cannot be divested by a sale, made by the administrator, until in the judgment of the Court of Ordinary, there is a manifest necessity for such sale, or that such sale will be "*fully and plainly for the benefit of the heirs and creditors.*"

Whenever, in the judgment of the Court of Ordinary, it *fully* and *plainly* appears, to be for the benefit of the heirs and creditors of the intestate's estate, that the real estate of the decedent should be sold, then and not otherwise, is the administrator empowered to make sale thereof, and divest the heirs of their title.

[2.] It is a general rule, that whenever a title to property is sought to be divested, by the authority of the law, all the requisites,

which the law prescribes to effect that object, must be complied with. The agent of the law, when he seeks to divest one of his property, and pass the title thereto to another, must show he has ample authority to make such transfer. And he must not only show his authority for so doing, but he must execute his authority, in the *manner* prescribed by the law which confers the authority upon him. It was urged on the argument by the counsel for the plaintiff in error, that in the case of a *naked* power, not coupled with an interest, the law requires that every prerequisite to the exercise of that power, should precede it. This, as a general proposition, is undoubtedly true, and although the courts cannot dispense with the *form prescribed*, in the execution of a power, yet they may be allowed to put a liberal construction on the *words* of the power. *Sugden on Powers*, 214.

An administrator in this State, as we have seen, derives his power and authority to convey the real estate of his intestate, from the statute. Does the record before us disclose that the requisitions of the statute were complied with by the administrator, in making sale of his intestate's real estate?

The authority to make the sale is shown, and we presume the Court of Ordinary required all the law requires to have been done, before granting the order to sell, and we shall not go behind that judgment.

[3.] The administrator's deed recites that the land was sold at public outcry, at the court house, in the town of Hamilton, Harris county, on the first Tuesday in October, 1837. The deed does not recite, that the sale was *advertised* as required by the statute, or that the land was sold, between the *lawful* hours of sale, nor was there any evidence as to either of these facts. The Court below ruled, that the order for the sale of the land by the Court of Ordinary, was all that was necessary to be proved, to support the administrator's deed. According to the principles of the law before adverted to, we are of the opinion, the title of the heirs to the estate of their ancestor, cannot be divested by an administrator's sale, until the requisitions of the statute, empowering him to make such sale, have been complied with. There must be at least *prima facie* evidence before the Court, that such requisitions have been performed. We do not hold the production of the gazette, in which the advertisement was had, nor the production of the advertisement at the court house door, indispensably necessary; the

recital in the deed of the requisitions imposed by the statute, would be *prima facie* evidence of the facts so recited.   An administrator is an officer of the law, acting under the obligations of his oath of office.   The law presumes, that every man in his private and *official* character, does his duty, and obeys the mandates of the law, until the contrary is proved.   1 *Greenl. Ev.* 89.   *Bank U. S. vs. Dandridge,* 12 *Wheat. Rep.* 64.

In *Hartwell vs. Root,* 19 *John. Rep.* 347, the general rule is stated to be, that when a person is required to do a *certain act,* the omission of which would make him guilty of a *culpable neglect of duty,* it ought to be intended that he has *duly performed it,* unless the contrary can be shown.

It being a duty imposed on the administrator by law, to advertise the land sixty days previous to the sale, and to sell it between the lawful hours of sale, on the first Tuesday in the month, the law will presume that he has done so when recited in the deed of conveyance, until the contrary is shown.   But it may be asked, if the law presumes the administrator has done his duty, why not presume he has done so without the particular acts being recited in the deed ?   The deed is the muniment of title delivered to the purchaser by the administrator, as the agent of the law, and should show upon its face that the requisitions of the law have been complied with, which would divest the heirs of their title, and transfer the same to the purchaser.   The statute authorizes the administrator to make the sale, on certain terms and conditions, and, as the agent of the law, he ought to state on the face of his conveyance that the terms and conditions required by the law have been performed—to show on the face of his conveyance, that he conveys as administrator, and that he is acting under the authority of, and in obedience to, the law, from which he derives all his power to make it.   We think too, that the presumption is strengthened by a *written recital* of the administrator in his official capacity, when making the deed.   It is his official declaration, in *writing,* that the requisitions of the law have been complied with.   In this case, the administrators have recited a part of the acts enjoined by the law to be done, in their deed; but it is silent as to the others.   What is the legal presumption ?   We must presume that they stated the truth as far as they pretended to state, and that they omitted to state the land had been *advertised* and sold between the *lawful* hours of sale, because the facts would not

authorize them so to state.    Our conclusion, then, is, that where a party derives his title to land under an administrator's sale, he must show the order of the Court of Ordinary granting the administrator a license to sell, and when it is shown he had the authority of the Court of Ordinary to make sale of the land, it must be further shown to the Court, that the administrator, in making such sale, pursued the directions of the statute, before the title of the heirs of the ancestor will be divested.    That the recital in the deed of conveyance made by the administrator to the purchaser, of the acts required to be done by the statute, in making the sale by the administrator, will be considered as *prima facie* evidence of their having been done, as therein recited, until the contrary is shown. There being no evidence before the Court below, either in the administrator's deed, or otherwise, showing the land had been advertised and was sold between the lawful hours of sale, the judgment of the Court below must be reversed, and a new trial granted.