WILLIAM A. WRIGHT, administrator, plaintiff in error, *vs.* RICHARD A. ZITROUER, administrator, defendant in error.

In order that the want of representation of the creditor's estate may prevent the bar prescribed by the act of 1869 from attaching, it must at least appear that suit was brought within nine months and fifteen days after the five years' indulgence, which the Code grants to unrepresented estates, expired.

Statute of limitations. Before Judge TOMPKINS. Effingham Superior Court. April Term, 1875.

Reported in the opinions.

MELDRIM & ADAMS, by HOWELL & DENMARK, for plaintiff in error.

RUFUS E. LESTER, for defendant.

Wright *vs*. Zitrouer.

WARNER, Chief. Justice.

This was a petition to foreclose a mortgage on certain des-scribed lands in the county of Effingham. The defendant pleaded the statute of limitations of 1869 in bar thereof. The court overruled the plea of the statute, and the defendant excepted. It appears from the bill of exceptions that the defendant's intestate executed the mortgage in 1855, to secure the payment of a promissory note, due in 1860; that in 1861 Mrs. Weitman, the mortgagee, died, that the two qualified executors on her estate died in 1867, and from that time until 1874 the estate of Mrs Weitman remained unrepresented, when the present plaintiff became her administrator, and filed his petition to foreclose the mortgage. By the strict letter of the act of 1869 the plaintiff's right of action was barred, but it is insisted that the court should give to that act an equitable construction, in view of the provisions of the Code in relation to the statute of limitations applicable to unrepresented estates. By the 2928th section of the Code, the time occurring between the death of a person and representation on his estate, or between the termination of one administration and the commencement of another, shall not be counted against his estate, provided such time does not exceed five years, but at the expiration of that time the limitation shall commence, etc. In this case the statute commenced to run against the plaintiff on the 21st of July, 1868, when civil government was restored in this state, and more than six years had expired from that date to 1874, when the plaintiff took out letters of administration, the estate being unrepresented from 1867 up to that time. In view of the facts of this case, and of the provisions of the act of 1869, the most equitable construction which we are authorized to give to it, is to hold that the plaintiff had nine months and fifteen days after the passage of the act of 1869 within which time to have taken out administration, and to have commenced his action against the defendant, and not having done so within that time, his right of action was barred.

Let the judgment of the court below be reversed.

BLECKLEY and JACKSON, Judges, concurring.

As the mortgagee was dead, and her estate unrepresented, at the passage of the limitation act of 1869, there may be good reason for not applying the very letter of that act to the case. But leaving the letter, and following the spirit and equity of the act, the proceeding is still effectually barred. The Code itself does not indulge an unrepresented estate longer than five years: See section 2928. As all suspensions of the limitation laws ceased on the 21st of July, 1868, this five years indulgence terminated on the 21st of July, 1873. Now, let the period of time allowed by the act of 1869, to-wit: nine months and fifteen days, be added, and the suit should have been brought, at farthest, by the 6th of May, 1874; whereas, it was not brought until November, 1874. The proposition that rules the case, as we think, is this: In order that the want of representation of the creditor's estate may prevent the bar prescribed by the act of 1869 from attaching, it must at least appear that suit was brought within nine months and fifteen days after the five years' indulgence expired which the Code grants to unrepresented estates: See 50 *Georgia*, 382; *Taylor vs. Jacoway*, 54 *Ibid.*, 500; *Simmons vs. Moseley*, July term, 1875.