IN THE

Supreme Court of Georgia,

## AT ATLANTA.

### SEPTEMBER TERM, 1879.

PRESENT—HIRAM WARNER...........CHIEF JUSTICE.
L. E. BLECKLEY...........ASSOCIATE "
JAMES JACKSON...........   "  ·   "

WEITMAN, administrator, *et al. vs.* THIOT *et al.*

1. Where a bond and mortgage were executed in 1854 and matured in 1855, and the maker died, and letters of administration issued in 1861, and the administrator died in 1864, and the estate was unrepresented until 1872, when letters *de bonis non* were issued:

*Held*, that inasmuch as the statute of limitations was suspended from 1864 to 1868, and the time intervening between the termination of the first administration and the commencement of the administration *de bonis non* is not to be counted until the expiration of five years more, and nine months and fifteen days in addition are to be added before the bar prescribed by the limitation act of 1869 would attach, the bond and mortgage were not barred by that act in 1872, when the letters *de bonis non* were issued.

2. Administration *de bonis non* having been granted in 1872 to one of several trustees for the purpose of securing the payment of the bond and mortgage, they were not barred whilst he was the sole administrator, and when he administered the assets and applied them to the debt due from the intestate to the trustees without unreasonable delay.

3. An administrator cannot sell the lands of intestate whilst in the adverse possession of the heirs at law, and actual possession of part

of a tract will constructively extend to the limits described in a
deed recorded, or of the boundaries of which the adverse party had
knowledge.

4. Where the real issue of the case on trial turned on the question of
such possession in the heirs as against the administrator on a bill
brought by the heirs to set aside the sale of the mortgaged property
for the purpose of paying the debt, and the evidence was conflict-
ing thereon, and the court charged erroneously on other controlling
points, a new trial should be granted.

5. Deeds thirty years old, apparently genuine, and coming from the
proper custody, are admissible without proof of execution or of
proper record.

Statute of limitations.   Administrators and executors.
Title.   Deeds.   Evidence.   New trial.   Before Judge
FLEMING.   Effingham Superior Court.   April Term, 1879.

Anna N. Thiot and her children filed their bill against
Weitman, administrator, *et al.*, alleging, in brief, as follows :

Complainants are the widow and children of Charles H.
Thiot, who resided in Effingham county, was a soldier in
the army, and has not been heard of since the war ; last
heard from with the army in North Carolina, in 1865, about
the close of the war.   Charles H. Thiot was a brother of
Alex. W. Thiot, who died October 10, 1860.   Part of the
real estate owned by Charles H. Thiot at time of his death
was 100 acres, known as the Pierce tract ; 200 acres, known
as the Rudesperger tract, and 200 acres known as the
Sweigofer tract.   Elbert G. Weitman, without the knowl-
edge or consent of complainants, and without *actual* notice
to them, took out letters of administration on Alex. W.
Thiot's estate in May 1873, and in July, 1873, obtained an
order from the court of ordinary for the sale of the land of
Alex. W. Thiot, and by virtue of the order, on the first
Tuesday in September, 1873, exposed the lands above de-
scribed as the lands of Alex. W. Thiot, for sale, and the
German Lutheran Congregation became the purchaser for
$175.00.   Charles Thiot took out letters of administration
on Alex. W. Thiot's estate in 1860, and complainants be-
lieve fully administered it.   Said lands had either been

sold by Alex. W. to Charles H. or vested in Charles H., as next of kin to Alex. W., upon his death. There were no legal debts against the estate of Alex. W. Thiot in May, 1873, and hence no necessity of administration or of sale. Weitman and the German Lutheran Congregation confed-erated together for the purpose of enforcing a debt of the German Lutheran Congregation against Alex. W. Thiot barred by the statutes of limitation. Prayer to enjoin the German Lutheran Congregation from taking possession of the land under the sale, to revoke the letters of adminis-tion to Weitman, to cancel the deed made by Weitman, and to have the possession of the land given to complainants.

The bill was amended as follows :

The land was owned by Charles H. Thiot, and was in his possession at his death. It was held adversely to all the world by Charles H. Thiot and by complainants as his heirs at law. Weitman is one of the trustees of the German Lutheran Congregation, and the administration by him was to secure the debt against Alex. W. Thiot, although the debt, which was secured by a mortgage on the land of Alex. W. Thiot, was barred by the statute of limitation. Alex. W. Thiot never owned title to more than one-third of said lands.

The defendants answered, in brief, as follows :

They do not know complainants to be heirs at law of Charles H. Thiot. The land was not the property of Charles H. Thiot, but of Alex. W. Thiot. The estate of Alex. W. Thiot was not fully administered by Charles Thiot, but he died before administration was completed, and, on the suggestion of his death, Elbert G. Weitman was appointed administrator in his place. In the due course of administration, and for the purpose of paying the debts of the estate, Weitman, as administrator, applied to the ordinary for and obtained an order for leave to sell the land, and sold the same according to law. Defendants believe that

complainants had *actual* notice of both the application for letters and the leave to sell. The German Lutheran Congregation became the purchaser of the land, being the highest bidder at the sale. There were legal and valid debts against the estate of Alex. W. Thiot when Weitman took out letters, and when he sold the land. There was no collusion or confederation to injure complainants or to subject the estate to the payment of any unjust claim. That the debt held by the German Lutheran Congregation against the estate was a bond and mortgage made by Alex. W. Thiot to secure the payment of $500.00, money borrowed by him from the German Lutheran Congregation, the mortgage being upon the land in question. Charles H. Thiot was security on the bond. The debt had never been paid. Complainants were not in possession of the land at the time Weitman became administrator nor since; nor did Charles H. Thiot at any time have possession thereof. It was unoccupied at the time Weitman sold it, although it was notoriously known and considered to be the property of the estate of Alex. W. Thiot. Weitman, as administrator, sold the same to the German Lutheran Congregation, and it took control and had it surveyed.

The evidence was somewhat conflicting, especially on the question of possession by complainants. They claimed that while the lands were known as three distinct places, they were contiguous to each other so as to form virtually one tract, and that they were in possession, actually exercising control over and using a part of the land, and their possession extending to the boundary of the whole tract. Defendants denied such possession in complainants. It appeared that the mortgage and bond were made in 1854, and the indebtedness matured in 1855; that Alexander Thiot died in 1860, and Charles Thiot, father of Charles H. Thiot, was appointed his administrator in 1861: that he died in 1864; and that the estate was unrepresented until 1872, when Weitman (who was one of the trustees of the Luthe-

ran Congregation) was appointed administrator *de bonis non*.

Complainants offered in evidence, in support of their title, two deeds, one from Polhill *et al.*, administrators, to Charles Thiot, dated November 27, 1819; the other from Taylor & Davis to Martha Thiot, dated June 12, 1824. Neither of these deeds was attested by an official witness, nor was there any proof of execution. The first had an entry on it showing that it had been recorded; the other did not. Complainants' counsel stated that he had received these deeds from Mrs. Thiot, one of complainants. Defendants objected to them, but they were admitted.

The jury found for complainants. Defendants moved for a new trial on the following, among other grounds:

(1.) Because the court erred in admitting in evidence the deed from Taylor & Davis to Martha Thiot.

(2.) Because the court admitted the deed from Polhill *et al.*, administrators, to Charles Thiot.

(3.) Because the court charged the jury that if complainants had possession of the land the sale was void.

(4.) Because the court charged the jury that if a party is in possession of a part of a tract of land they are in possession to the boundaries of the tract.

(5.) Because the court charged that if a claim is barred by the statute of limitations, no recovery can be had upon it.

The motion was overruled, and defendants excepted.

Rufus E. Lester, for plaintiffs in error.

J. R. Saussy; H. B. Tompkins, for defendants.

Jackson, Justice.

The court instructed the jury in this case that the sale by the administrator *de bonis non* was void, because he had obtained the letters and the order to sell fraudulently, in this, that the debt due to the church was barred when the letters were granted in 1872—barred by the act of 1869. The

bond and mortgage were executed in 1854 and matured in 1855; the maker died in 1861 and letters were granted to his father, who died in 1864; thence to 1872 there was no administration; hence, in the judgment of the court below, the bond was barred by the limitation act of 1869. Even if it were so barred, it would seem that the grant of letters would have been good if taken out to pay an honest debt; or, at any rate, that the ordinary had adjudicated that question, and that the letters of administration, not having been got by fraudulent or false representations of any sort, would stand until revoked by the court which granted them.

1. However that may be (and it is not necessary to decide it in this case), were the bond and mortgage given by the intestate in 1854 and due in 1855 barred by the act of 1869? We think not. The statute of limitations was suspended in 1868, and only then it could begin again to run. The estate was then unrepresented, and the bar would not attach until five years more had expired; because the period of five years is allowed from the close of the administration first granted to the beginning of that *de bonis non* by our statute. Code, §2928. To this, as there was no administrator to sue on the 1st of January, 1870, nine months and fifteen days should be added from the expiration of five years after July, 1868. 55 *Ga.*, 85. So that it is very clear that when administration was granted in 1872, this debt was not barred, and therefore the court was wrong in the charge which pronounced it barred. And the creditor had a clear right to administer without considering or deciding whether he could have done so to secure a barred debt.

2. But the sale did not take place until nine months and fifteen days after the grant of administration *de bonis non*, so that it may be asked why was not the debt barred when the sale took place and the proceeds were applied to the debt? The answer is, because the administrator could not sue himself, and inasmuch as he was one of the trustees who held the legal title in common with others, the spirit of

the decision in 57 *Ga.*, 568, would apply, and the debt would not be barred while he was trying to sell and have it paid, and not unreasonably delaying the matter. The facts show that he pressed the matter as rapidly as was practicable, and was guilty of no *laches.* Therefore the bond and mortgage were not barred in equity when the sale took place.

3, 4.—It is clear that the lands, if held and possessed by the heirs adversely, cannot be sold by the administrator until he sues and recovers them. Code, §§2564, 2483, 2486; 56 *Ga.*, 430.

But that is a contested point on the facts, and while the court charged the law thereon, and that was the real issue in the case, yet the charge of the bar of the statute and fraud of the administrator concluded the case for complainants without reference to this issue ; and therefore the case must be tried over again. The charge in respect to the extent of possession by construction when the party actually possesses part, is right, as we understand it. The law is that it extends as far as the boundary of the tract described in the deed, if recorded, or if the boundaries are known to the contesting party.

5. There was no error in admitting the deeds which were over thirty years old, they appeared genuine, and came from the proper custody. Code, §2700.

The judgment is reversed on the ground that the court erred in the charge in respect to the debt being barred and fraud in the administrator in taking out letters and selling the land mortgaged to pay it.

Judgment reversed.