HILTON & DODGE LUMBER COMPANY *v.* ALWOOD *et al.*

1. A testator devised land to his son for life, with remainder to his children living at the time of his death; he empowered the life-tenant to sell the timber on the land, without impeachment of waste. The life-tenant sold the timber and conveyed it to the purchaser by deed, but made no reference to the power in his conveyance. *Held,* that the life-tenant's deed is to be construed as in execution of the power.

2. The deed from the life-tenant to the purchaser contained a covenant that the purchaser should have twenty years within which to cut and remove the timber, and ten years additional time upon payment of six per cent. interest per annum on the purchase-price. The will of the testator is construed to confer on the life-tenant the power to sell the timber, with the right in the purchaser to have a reasonable time within which to cut and remove it. The covenant for a fixed period is in excess of the power, and has no contractual force beyond the time of life-estate. If the purchaser or his successor in title failed to cut and remove the timber within a reasonable time, their interest in the timber ceased and determined. What would be a reasonable time is a question of fact, and must be decided in the light of all the attendant circumstances.

3. A deed purporting on its face to have been made by a guardian of a minor, under authority of a decree of the superior court, is inadmissible in evidence without the production of the decree or a certified copy of it. Likewise an administrator's deed, made pursuant to a sale under an order from the ordinary, is inadmissible as a muniment of title, unless it is accompanied with the order.

4. The interlocutory order enjoining both parties is reversed, for the reason appearing in the last division of the opinion.

MAY 14, 1914.

Injunction. Before Judge Hammond. Jenkins superior court. October 13, 1913.

*Travis & Travis,* for plaintiff. *A. S. Anderson,* for defendants.

EVANS, P. J. A bill of exceptions was taken to the judgment of the court on an interlocutory hearing, refusing to enjoin the defendants from cutting and removing the timber on a certain tract of land. Both parties derived their title from a common propositus. It appeared that B. L. Lane died testate, seized and possessed of a large estate in land. By item three of his will, probated April 1, 1895, he devised the tract of land upon which the timber in dispute is located to his son George W. C. Lane, "for and during his natural life, with remainder to his living children at the time of his death." Certain other devises were made to other children of the testator, with like remainders. The twelfth item of his will is as follows: "It is my will that my children whom I have hereinbefore given life-estates in the lands of this will given, then [they?] shall have full power and authority to sell and dispose of the timber on all said lands, and shall have the full use and enjoyment of said lands, without impeachment of waste. Said Emma S. Lane, as trustee for said Lucinda V. Lane, shall have the same power and authority in the disposition of the timber on

the lands given herein to said Lucinda V. Lane, applying all money arising from such disposition of said timber to the support and maintenance of the said Lucinda V. Lane." On February 6, 1902, George W. C. Lane sold and conveyed, by deed with warranty of title, to the Hilton & Dodge Lumber Company "all the cypress timber and trees of every sort and description" on certain land included in the devise of the third item of B. L. Lane's will, with "all privileges necessary to the removal or manufacturing of the said timber and trees." The deed contained the following covenant: "It is agreed that the time limit of this conveyance as above set forth shall be (20) twenty years from the date of this conveyance, but the first parties agree that the said time limit may be extended from year to year thereafter, not exceeding ten years extension, upon the payment by the second party, its successors or assigns, of interest on the original purchase-price at the rate of 6 per cent. per annum." This conveyance was duly recorded on March 3, 1902. The present action was begun July 22, 1913.

1. The first step in the plaintiff's case is to determine whether the conveyance of the timber by George W. C. Lane is a good execution of the power contained in the will of B. L. Lane, inasmuch as there is no reference to the power or the will in the conveyance. We think it is a good execution of that power. The donee of the power was a life-tenant, and he had no right to sell the timber on the land except by virtue of the power. The remainder estate was subservient to the life-tenant's power to sell the timber. It is therefore apparent that the deed evidencing the sale of the timber by the donee of the power is not reasonably susceptible of any other interpretation than as indicating an intention to execute the power. *Grayson* v. *Germania Bank,* 140 *Ga.* 467, 473 (79 S. E. 124), and cases cited.

2. It is contended that the life-tenant, in execution of the power of sale, exceeded his power by inserting in his conveyance of the timber a covenant that his vendee was given twenty years within which to cut and remove the timber, with the right to extend the time from year to year, not exceeding ten years, upon the payment of interest on the original purchase-price at the rate of six per cent. per annum. Whether the power to sell the timber embraces a power to make this covenant depends on a construction of the will of B. L. Lane. The devise of the land was to G. W. C.

Lane for life, with remainder to his living children at the time of his death. It is clear that the testator intended that the life-tenant's living children should take the land on the death of the life-tenant, and it is equally clear that in giving the life-tenant a power to sell the timber off the land he did not intend to destroy the remainder estate, nor authorize the life-tenant to impose upon that estate such burdens as would practically deprive the remaindermen of its enjoyment after his death. If the life-tenant in execution of the power could contract for the removal of the timber within thirty years, why not in sixty or an hundred years? If he be permitted to do this, then it would be within his power to substantially destroy the remainder estate, and frustrate the testator's intention. We do not think that the testator intended that the donee's power of sale over the timber should be used to the destruction or serious impairment of the estate in remainder, but, on the other hand, it seems clear that the testator contemplated a severance of the timber from the land within a reasonable time by the purchaser.

It is argued by counsel for defendants in error that the timber must be removed from the land by the vendee during the life of the life-tenant, and that upon the vendee failing to do this he loses all right to sever or remove the timber from the land after the life-tenant's death. This contention is not sound. The testator gave to the life-tenant a power to sell the timber, and this implies that the purchaser shall have a reasonable time within which to cut and remove same. It would do violence to this implication to hold that the death of the life-tenant before the purchaser had a reasonable time within which to cut and remove the timber would forfeit the purchaser's right to the fruits of his bargain. On the other hand we do not think the donee of the power was vested with any right to contract with the purchaser that he should have more than a reasonable time within which to cut and remove the timber. The life-tenant has an estate for life in the whole land, and is also vested with a power of sale of the timber. In exercising the power of sale he is the instrument of his testator, and can not exceed the limitations of his agency. As donee of the power of sale he can not enlarge that power, and the purchaser from him must remove the timber within a reasonable time after his conveyance. If the purchaser or his successor in title failed to do this. their interest

in the timber ceased and determined. *McRae* v. *Stillwell, Millen & Co.*, 111 *Ga.* 65 (36 S. E. 604, 55 L. R. A. 513) ; *Shippen Lumber Co.* v. *Gates,* 136 *Ga.* 37 (70 S. E. 672). What would be a reasonable time is a question of fact, and must be decided in the light of all the attendant circumstances. Ibid.

3. Exception is taken to the reception in evidence of certain deeds to the defendants. One of these purports to have been executed by the administrator of a remainderman under the will of B. L. Lane, and two others by the guardians of other remaindermen. The objection was that these deeds recited that they were made under appropriate orders from the proper courts, and that no order was produced. A deed purporting on its face to have been made by the guardian of a minor, under authority of a decree of the superior court, is inadmissible in evidence without the production of the decree or a certified copy of it. *McCamy* v. *Higdon,* 50 *Ga.* 629. Likewise, where one claims title to land under an administrator's deed, pursuant to a sale under an order from the ordinary, he must show the order granting the administrator leave to sell the land. *Clements* v. *Henderson,* 4 *Ga.* 148 (48 Am. D. 216). Although the plaintiff may have alleged that the defendants claimed title from a common grantor, viz. B. L. Lane, this allegation did not relieve the defendants from the necessity of tracing title from the common grantor into themselves. This was necessary in order that the respective claims of title from the same grantor might be compared, in order to ascertain which is the superior title.

4. The plaintiff alleged, that it purchased the timber from G. W. C. Lane by virtue of the power of sale conferred on him by the will of B. L. Lane; that the defendants also claim title under the will of B. L. Lane, but that their title is inferior to that of the plaintiff; that a reasonable term for the cutting of the timber is twenty years, which term has not expired; and that the defendants willfully trespassed in cutting the timber. It was prayed that they be enjoined. The defendants demurred to the petition on the grounds, that no cause of action was set out; that plaintiff failed to show title; and that whatever title it may have acquired by purchase from the life-tenant ceased upon his death. They also answered, setting up title by mesne conveyances from the remaindermen under the will of B. L. Lane. The judgment to which exception is taken enjoins both plaintiff and defendants from cutting

the timber, notwithstanding the defendants filed no cross-action or prayed any cross-relief; and also sustains the demurrer of the defendants. The judgment purports to have been rendered at chambers on the interlocutory hearing for injunction. Inasmuch as it does not appear that the demurrer was heard at that time by consent of parties, or pursuant to term order, and it further appearing that the court retained the cause pending a final hearing, we do not think his honor intended his judgment to be a ruling on the demurrer as a distinct judgment, but only so far as was necessary to pass on the interlocutory injunction. Otherwise it would attribute to him an intention to enjoin the defendants after having adjudged that the plaintiff's claim of title to the timber was bad in law and that the petition should be dismissed. As has been pointed out, if both parties connect their title with the common propositus, the controlling issue in the case is whether the time intervening the plaintiff's purchase of the timber and the filing of the suit was a reasonable time in which to cut the timber, or whether such reasonable time had expired. On the interlocutory hearing the evidence was uncontradicted that a reasonable time had not expired. In view of what has been said, the entire judgment is reversed, with direction that a hearing be had upon the right of the plaintiff to injunction.          *Judgment reversed. All the Justices concur.*