ALWOOD et al. v. LEWIS et al.

(Circuit Court of Appeals, Fifth Circuit.   November 16, 1918.   Rehearing Denied February 1, 1919.)

No. 3169.

1. WILLS ⟨key⟩693(5)—POWER OF DISPOSITION—EXERCISE—BURDEN ON ESTATE.
    Where a will devising land to one for life, remainder to others, authorized the life tenant to sell and dispose of timber on the lands, *held*, that the life tenant, as he had no right to destroy the estate in remainder, could not burden such estate by giving the purchaser more than a reasonable time for removal, which is a question of fact dependent on the circumstances, and the ability on part of purchaser to impose conditions on the life tenant did not increase the powers of life tenant.

2. APPEAL AND ERROR ⟨key⟩1175(7)—DETERMINATION.
    Where the facts in an equity case were fully developed, and the trial court disregarded the advisory verdict of jury, *held*, where the litigation has been long drawn out, the appellate court was warranted in determining the issues of fact.

3. LIFE ESTATES ⟨key⟩23—POWER TO SELL TIMBER—REMOVAL OF TIMBER—REASONABLE TIME.
    Where a life tenant, who was authorized by will to sell timber, disposed of it in 1902, and died in 1905, *held* that, by the time litigation was instituted in the federal courts in the year 1914, the purchaser had had a reasonable time for removal, and a grantee of the remaindermen should not thereafter be enjoined from cutting timber.

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Bill by George S. Lewis and others, receivers of the Hilton-Dodge Lumber Company, against William Alwood and others. From a decree for complainants, defendants appeal. Affirmed in part, and in part reversed and rendered.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

W. W. Osborne, A. A. Lawrence, and E. H. Abrahams, all of Savannah, Ga., and A. S. Anderson, of Millen, Ga., for appellants.

Robert J. Travis and Wm. Garrard, both of Savannah, Ga., for appellees.

Before WALKER and BATTS, Circuit Judges, and SHEPPARD, District Judge.

BATTS, Circuit Judge. Among the provisions of the will of Benjamin L. Lane, probated in 1885, was one devising to Geo. W. C. Lane land "for and during his natural life, with remainder to the living children at the time of his death." It was further provided:

"That my children, to whom I have heretofore given life estates in the lands in this will given them, shall have full power and authority to sell and dispose of the timber on all said lands, and shall have the full use and enjoyment of said lands without impeachment of waste."

On the 6th of February, 1902, George W. C. Lane, the devisee, "did bargain, sell, grant, and convey" to the Hilton-Dodge Lumber Company "all the cypress timber and trees of every sort and description, standing, lying or being upon" land, a life estate in which had been to him devised. In the instrument of sale it is provided:

"That the time limit of this conveyance, as above set forth, shall be 20 years from the date of this conveyance, but the first parties [naming them] agree that said time limit may be extended from year to year thereafter, not exceeding 10 years' extension, upon the payment by the second party to the first party or his heirs of interest on the original purchase price at the rate of 6 per cent. per annum."

George W. C. Lane died in 1905. On November 11, 1911, the land was purchased from the remaindermen by appellants, who began to cut and remove the cypress. In 1913 the Hilton-Dodge Lumber Company brought its bill in equity in the superior court of Jenkins county against the purchasers of the land, making the same allegations as in the present bill, and seeking to have the respondents therein temporarily and permanently enjoined from cutting the timber. Upon a hearing before the judge of that court, an order was passed on July 25, 1914, denying the prayer of the petitioners and dissolving a temporary restraining order theretofore issued, but enjoining both parties from cutting timber. The case was appealed to the Supreme Court of Georgia. The judgment was "reversed, with direction that a hearing be had upon the right of plaintiff to injunction." Hilton, etc., Lumber Co. v. Alwood, 141 Ga. 653, 81 S. E. 1119. In the opinion it was declared:

"It is clear that the testator intended that the life tenant's living children should take the land on the death of the life tenant, and it is equally clear that in giving the life tenant a power to sell the timber off the land he did not intend to destroy the remainder estate, nor authorize the life tenant to impose upon that estate such burdens as would practically deprive the remaindermen of its enjoyment after his death."

It was further held that the purchasers were entitled to a reasonable time after the purchase in which to remove the timber, and that what

was a reasonable time was a question of fact. Upon reversal, plaintiffs (appellees) dismissed their bill and instituted the present suit.

The trial of this case was begun before Judge Lambdin, who submitted to a jury, called to aid him in passing upon the questions of fact, the issue as to what would be a reasonable time for the purchaser to remove the timber. The jury found that a reasonable time had not elapsed when the suit was instituted by the appellees in the state court, but that it had elapsed when the suit was instituted in the federal court. The effect of the verdict, if it had been followed by the trial court, would have been to hold the defendants (appellants) responsible for the timber cut, but to preclude the appellees from further taking of timber. After the death of Judge Lambdin a judgment was rendered by Judge Speer, giving to complainants the value of the timber taken, restraining appellants from removing any cypress timber, and from interfering with complainants "in the exercise by them of any of the rights conferred by the timber deed." The last clause is construed as a holding that, under the timber deed, complainants have a right to remove the timber within 20 years after the execution of the deed, with the privilege of extension for an additional 10 years.

Appellants insist that their plea of res adjudicata, based upon the opinion and judgment of the Supreme Court of Georgia, should have been sustained. The conclusion reached renders a determination of this matter unnecessary. Nor is it necessary to determine whether the construction of a contract based upon a will creating estates in land in Georgia is to be determined by general principles of jurisprudence, or is one of those matters with reference to which the federal courts will consider themselves bound by state decisions. Consideration of these matters may be pretermitted because the conclusion of this court upon the principal issue in this case is the same as that of the Supreme Court of Georgia. The devisee of the life estate was given full power to sell and dispose of the timber, but no right given him was any more definitely given than was the estate to the remaindermen.

To hold that the rights of the purchasers of the timber might be cut off immediately after the purchase by the death of the life tenant, without the possibility of removal of the timber, would be, in effect, to destroy the full power of sale and disposition given by the devise. To hold that the tenant for life could tie up the land for 20 years, and then for another 10 years, is to permit the substantial destruction of the estate of the remaindermen.

[1-3] What would be a reasonable time for the removal of the timber is a question of fact, which might be dependent upon many circumstances. No period of time, however, the allowance of which would destroy or substantially impair the estate of the remaindermen, could be regarded as reasonable. It is contended by appellees that sales at the time of the making of the will could not have been made, except upon terms of the character incorporated in the instrument of sale. If the purpose of the devisor was to destroy or seriously impair the estate in remainder, apter language could have been and should have been used. Evidence was introduced to establish customary conditions of timber "leases." It rather tended to establish that the Hil-

ton-Dodge Lumber Company, at the time of the sale, enjoyed a kind of monopoly of purchase. Ability of the buyer to impose upon the life tenant did not enlarge the powers of the life tenant.

If the word "dispose," in the will, adds anything to "sale," it is enough to say that any other disposition was subject to the same limitations that the rights of the remaindermen imposed upon the sale.

A jury has passed upon what constituted a reasonable time for the removal of the timber. If this verdict had been adopted by the court, it would doubtless be sustained as the conclusion of a tribunal favored by the law for determining matters of fact. But it has not been adopted, and this court has the alternative of reversing the case for a trial consistent herewith, or determining from the evidence what is or was a reasonable time for the removal of the timber. There is nothing to indicate that the facts have not been fully developed; and, perhaps, a present determination of the issue would better accord with substantial justice than the further extension of litigation, which has already dragged along its lengths for a period of more than five years. We feel that if we should adopt the conclusion of the jury, to the effect that the timber cut by appellants was taken within the reasonable period to which appellees were entitled, and further find that the period ceased at the beginning of the litigation in the state court, any right to complain would not be in appellees.

Judgment is here rendered for appellees against appellants for the sum of $1,578.15, with legal interest from March 23, 1917, and otherwise for appellants against appellees, with injunction restraining interference with the cutting and removal of the timber in controversy; costs to be divided equally.

Affirmed in part, and in part reversed and rendered.