## SANDERS *et al. v.* WHALEY *et al.*

GILBERT, J. 1. The court did not err in repelling from the evidence the deed from the administrator of W. J. Sanders to Mrs. W. J. Sanders, Rebecca and Mary Sanders, there being no order of court showing authority for such conveyance. *Clements* v. *Henderson*, 4 *Ga.* 148 (48 Am. D. 216) ; *Roberts* v. *Martin*, 70 *Ga.* 196; *Waller* v. *Hogan*, 114 *Ga.* 383 (40 S. E. 254).

2. The first two demises were laid in W. J. Sanders, who died before the filing of the suit. The remaining demise was laid in Whaley and Taylor. In an action in ejectment in the common-law form a recovery can not be had on a demise laid in one who is dead at the time the suit is brought. "If the plaintiff desires to take advantage of the title which a deceased person held at the time of his death, he must lay the demise in the name of the heirs at law, devisee, or personal representative, as the case may be; or, what is safer, he may lay separate demises in the names of all of them." Powell on Actions for Land, § 24; *Brown* v. *Colson*, 41 *Ga.* 42; *Boynton* v. *Brown*, 67 *Ga.* 396; *Bagley* v. *Kennedy*, 85 *Ga.* 703 (11 S. E. 791) ; *Wolfe* v. *Baxter*, 86 *Ga.* 706 (13 S. E. 18) ; *Priester* v. *Melton*, 123 *Ga.* 376 (51 S. E. 330). If it be conceded that title was shown in Whaley and Taylor, none was shown out of them and into the plaintiffs in this case. Though the bill of exceptions and the brief of plaintiffs in error would indicate that demises were laid in Mrs. W. J. Sanders and her daughters, Rebecca and Mary, an inspection of the record shows this to be incorrect. In such a case the record must control.

3. The court did not err in granting a nonsuit.

*Judgment affirmed. All the Justices concur.*

No. 4903. DECEMBER 17, 1925.

Ejectment. Before W. R. Smith, judge pro hac vice. Cook superior court. November 16, 1924.

This is an action of ejectment in the common-law form for a one-third undivided interest in described land, brought by Mrs. W. J. Sanders and two minor children. Three demises were laid, two in W. J. Sanders, the deceased husband of Mrs. W. J. Sanders, and the other in J. H. Whaley and A. B. Taylor. On the trial of the case it appeared that W. J. Sanders had died seized and possessed of a one-third undivided interest in the land described in

---

Appeal and Error 4 C. J. p. 514, n. 95.
Ejectment 19 C. J. p. 1113, n. 72, New; p. 1198, n. 11.
Executors and Administrators 24 C. J. p. 702, n. 80.

the petition. The suit was filed many years after the death of W. J. Sanders. The evidence introduced by the plaintiff tended to show also that the Valdosta Bank & Trust Co., after the death of Sanders, had taken a deed to the entire interest in the land, but that the deed was executed to the entire interest by mistake, the grantors of the bank not owning and not intending to convey the entire interest, but only the two-thirds undivided interest. Subsequently the bank had sold the land to J. H. Whaley and A. B. Taylor. The deeds to the bank and from the bank to Whaley and Taylor were not introduced in evidence, the sole evidence as to the title of the bank and of Whaley and Taylor being in parol. There was also parol evidence tending to show that Whaley and Taylor had sold to purchasers other than the plaintiffs in this case a portion of the land, and retained the other portion. There was also introduced in evidence the proceedings in the court of ordinary setting aside a year's support out of the estate of W. J. Sanders to his wife and minor daughters Rebecca and Mary, plaintiffs in this suit, the only description of the land being as follows: "1/3 Interest in 45 acres of land near Adel, Ga.,—$500.00.". Plaintiffs also tendered in evidence a deed from the administrator of the estate of W. J. Sanders, reciting "that party of the first part is the duly appointed and qualified administrator on the estate of W. J. Sanders, that Mrs. W. J. Sanders filed application for a year's support out of the estate of said W. J. Sanders, and the property hereinafter described was duly and legally set apart to the said named Mrs. W. J. Sanders and her minor children, to wit, Rebecca and Mary Sanders, under and by virtue of an order of the honorable court of ordinary of Ware County, Georgia. Now therefore witnesseth: That in compliance with said order, same being duly of record in the office of ordinary of Ware County, Georgia, the said party of the first part, as the administrator of the estate of said W. J. Sanders, has this day granted, bargained, released, conveyed, . . and confirms unto the said Mrs. W. J. Sanders, Rebecca and Mary Sanders," the property described and other property not involved in this litigation; said deed being signed by J. B. Lewis as administrator of the estate of W. J. Sanders, duly witnessed. The court excluded this evidence, and to this ruling plaintiffs excepted. At the conclusion of the evidence, on motion, the court granted a nonsuit, and the plaintiffs excepted to that judgment.

*Hendricks & Hendricks,* for plaintiffs.

*C. L. Smith* and *J. J. Murray,* for defendants.