DOWLING *v.* KEEN, administrator.

No. 12514. JANUARY 10, 1939.

W. A. Wood and H. F. Rawls, for plaintiff in error.

Parker & Parker, contra.

JENKINS, Justice. 1. "To divest the title of the heir at law, the administrator shall have authority to sell; if there shall be irregularities, or if he shall fail to comply with the law as to the mode of sale, the sale shall be voidable, except as to innocent purchasers." Code, § 113-1720; Patterson v. Lemon, 50 Ga. 231, 234; Clements v. Henderson, 4 Ga. 148 (1-3) (48 Am. D. 216). However, a sale without any order from the ordinary is void, and passes no title to the purchaser. Whitehurst v. Mason, 140 Ga. 148, 150 (78 S. E. 938); Sapp v. Cline, 131 Ga. 433 (2, 3), 436 (62 S. E. 529); Merritt v. Jones, 136 Ga. 618 (71 S. E. 1092); Copelan v. Kimbrough, 149 Ga. 683, 686, 687 (102 S. E. 162); Poullain v. Brown, 82 Ga. 412 (1-b), 423 (9 S. E. 1131); Code, §§ 113-1702, 113-1705, 113-1706, 113-1709, 113-1724. The act approved March 19, 1935 (Ga. L. 1935, p. 326; Code, § 113-1527), giving to temporary administrators authority to "do such acts as might be required of a receiver in the superior court," did not modify these principles so as to permit sales by such administrators without order, since that act contains the express proviso that "proper orders are [to be] secured from the court of ordinary, after due notice to all parties at interest." Accordingly, on this petition by the holder of a recorded security deed for reformation of its description, on account of an alleged mutual mistake as to the stated lot number, and for its foreclosure by a special judgment against the land, the court did not err in sustaining a general demurrer of the plaintiff to an intervention by one claiming part of the land under an assignment of a subsequent, but alleged superior, security deed and note, where such assignment and conveyance of the land were executed by a temporary administrator of the estate of the deceased creditor, without any recital in the instruments or any averment that the purported sale and assignment had been authorized by order of the ordinary.

2. The preceding ground being controlling, it is unnecessary to determine other grounds and questions raised by the pleadings or briefs, as to whether or not the intervention was legally insufficient for other reasons assigned, or as to the effect of the descrip-

tions in the respective instruments, or as to constructive or actual notice to the intervenor under the defective description in the instrument sought to be reformed.

*Judgment affirmed.* *All the Justices concur.*