PORTER *v.* LaGRANGE·BANKING & TRUST CO.

No. 12520.   FEBRUARY 16, 1939.

*P. T. Hipp* and *H. C. Harrison,* for plaintiff in error.
*R. W. Martin,* contra.

REID, Chief Justice.   ■   "An· administrator may not sell property held adversely to the estate by a third person; he shall first recover possession."   Code, § 113-1714.   Under this section it has

been uniformly held that a sale by an administrator of land which is in the adverse possession of a third party, and a conveyance by deed in pursuance thereof, are void and convey no title. *Heard* v. *Phillips,* 101 *Ga.* 691 (3) (31 S. E. 216, 44 L. R. A. 369) ; *Hanesley* v. *Bagley,* 109 *Ga.* 346, 348 (34 S. E. 584) ; *Downing Lumber Co.* v. *Medlin,* 136 *Ga.* 665, 667 (72 S. E. 22) ; *Booth* v. *Young,* 149 *Ga.* 276 (99 S. E. 886) ; *Guthrie* v. *Bullock,* 143 *Ga.* 17 (84 S. E. 59) ; *Smith* v. *Duhart,* 152 *Ga.* 554 (110 S. E. 301) ; *Driggers* v. *Moore,* 163 *Ga.* 754 (137 S. E. 14) ; *Davitte* v. *Southern Ry. Co.,* 108 *Ga.* 665 (34 S. E. 327) ; *Lowe* v. *Bivins,* 112 *Ga.* 341 (37 S. E. 374) ; *Weitman* v. *Thiot,* 64 *Ga.* 11 (3) ; *Edwards* v. *Sands,* 150 *Ga.* 11 (4) (102 S. E. 426) ; *Thrift* v. *Baker,* 144 *Ga.* 508 (87 S. E. 676). "The main reason that such sales are made void is that property, though actually belonging to the estate, would not likely bring its full value when held adversely to the estate, and the administrator could not give possession." *Downing Lumber Co.* v. *Medlin,* supra; Powell on Actions for Land, § 249.

In the present case LaGrange Banking and Trust Company, by and through the State Superintendent of Banks, brought an action against Anthony Porter for the recovery of a described tract of land. The petition alleged that the defendant "is in possession of the same, enjoying the rents and profits, and has been appropriating the same to his own use, since the first day of January, 1933." The plaintiff claimed title to the land under and by virtue of a deed from the administratrix of the estate of Emma Flowers Lipscomb, and at the trial introduced a deed from such administratrix to itself, dated November 10, 1933. This deed constituted, in so far as the ruling here made is concerned, the entire evidence introduced at the trial. The court directed a verdict for the plaintiff. The defendant excepted to the overruling of his motion for new trial based on the general grounds and certain special grounds.

The allegations of the petition, properly construed and taken in connection with the deed above mentioned, show that at the time of the sale of the land and the execution of the deed in pursuance thereof the property was in the adverse possession of the defendant. In this respect the allegations of the plaintiff's petition constituted evidence against it, though not introduced in evidence, since they were not clarified or stricken by amendment. Code, § 38-402; *Wood* v. *Isom,* 68 *Ga.* 417; *Peacock* v. *Terry,* 9 *Ga.* 137 (6) ; *Royal*

v. *McPhail*, 97 *Ga.* 457 (5) (25 S. E. 512) ; *Hampton* v. *Thomas*, 11 *Ga.* 317, 320; *Central of Ga. Ry. Co.* v. *Summers*, 34 *Ga. App.* 340 (2) (129 S. E. 659) ; *East Tenn., Va. & Ga. Ry. Co.* v. *Kane*, 92 *Ga.* 187 (5) (18 S. E. 18, 22 L. R. A. 315) ; *Shiflett* v. *Dobson*, 180 *Ga.* 23 (177 S. E. 681) ; *Kirkpatrick* v. *Faw*, 184 *Ga.* 170, 177, 178 (190 S. E. 566) ; *Mullis* v. *McCook*, 185 *Ga.* 171 (194 S. E. 171) ; *Lydia Pinkham Medicine Co.* v. *Gibbs*, 108 *Ga.* 138 (33 S. E. 945) ; *Field* v. *Manly*, 185 *Ga.* 464, 466 (195 S. E. 406). This being true, the deed was void and passed no title. For this reason the evidence demanded a verdict in favor of the defendant, and the trial judge erred in overruling the motion for new trial. The fact that the defendant failed to object to the introduction of the deed in evidence does not alter the case. "While an assignment of error upon the admission of evidence will not be considered unless it appears that the objection relied on was made at the time that the evidence was offered, still when evidence has been admitted either with or without objection, the losing party may in a motion for a new trial raise the question that the evidence as admitted was not sufficient to authorize the verdict rendered. A party may allow a deed relied upon by his adversary to go in evidence without objection, but his failure to object does not preclude him from urging in his motion for a new trial that the deed is invalid for some reason appearing upon the face of the same, or for other reason appearing in the evidence." *Huxford* v. *Southern Pine Company of Ga.*, 124 *Ga.* 181, 186, 187 (52 S. E. 439) ; *Brookman* v. *Rennolds*, 148 *Ga.* 721 (2a) (98 S. E. 543) ; 64 C. J. 227, §§ 239, 240.

■ The administratrix's deed introduced in evidence recited that the land was sold "by virtue of an order of the court of ordinary of Troup County, granted at the regular October term, 1933, of said court." No order of the court of ordinary granting leave to sell the land was introduced in evidence. An administrator can not sell property of his intestate without an order of the court of ordinary, and a sale without such order is void and passes no title. *Whitehurst* v. *Mason*, 140 *Ga.* 148 (78 S. E. 938) ; *Dowling* v. *Keen*, 187 *Ga.* 394 (200 S. E. 789), and cit. In showing title by an administrator's deed, the order of the ordinary granting leave to sell must be produced. It is not sufficient that it is recited in the deed. *Yahoola River &c. Mining Co.* v. *Irby*, 40 *Ga.* 479 (3) ; *Clements* v. *Henderson*, 4 *Ga.* 148 (48 Am. D. 216) ; *Waller* v.

*Hogan,* 114 *Ga.* 383 (40 S. E. 254) ; *Pendergrass* v. *Hardman,* 157 *Ga.* 579 (121 S. E. 808) ; *Roberts* v. *Moore,* 113 *Ga.* 170 (38 S. E. 402) ; *Hall* v. *Davis,* 122 *Ga.* 252 (3) (50 S. E. 106) ; *Sanders* v. *Whaley,* 161 *Ga.* 401 (131 S. E. 176) ; *Brown* v. *Madden,* 141 *Ga.* 419 (81 S. E. 196) ; Cf. *Durden* v. *Phillips,* 166 *Ga.* 689 (144 S. E. 313) ; *Woodcliff Gin Co.* v. *Kittles,* 173 *Ga.* 661, 667 (161 S. E. 119) ; *Hilton & Dodge Lumber Co.* v. *Alwood,* 141 *Ga.* 653 (3) (81 S. E. 1119). For this additional reason the evidence demanded a verdict in favor of the defendant. The failure of the defendant to object to the introduction of the deed in evidence does not affect the above ruling. See, as directly in point, *Waller* v. *Hogan,* supra.

■ The court erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur.*