*W. T. Burkhalter,* pro se. *Eason & Everill,* contra.

---

### 17192. YOUMANS, administrator, *v.* EDENFIELD.

STEPHENS, J. 1. Where an administrator sells land as the property of his intestate and the land sold includes, in addition to land in the administrator's possession, certain adjoining land not in his possession, the purchaser may, without proof of actual fraud or misrepresentation on the part of the administrator, avoid the deed pro tanto as to the part of the property not in the possession of the administrator, where such land in adverse possession can be definitely determined. *Edenfield v. Rountree,* 33 *Ga. App.* 444 (126 S. E. 731).

2. Where, by agreement between two adjoining landowners, a wall erected along the dividing line between the two lots of land, which rests entirely upon one of the lots, and the cost of the erection of which was borne by both of the landowners, is used as the dividing wall between two buildings, the owner of the land upon which the wall does not rest, irrespective of the character of his right in and to the wall and the land upon which the wall rests, at least has an easement appurtenant to his lot in the entire wall and the land upon which it rests, for the support of the building upon his lot and for the support and maintenance of his interest in the wall. 30 Cyc. 771A.

3. Whatever possession in the wall and the land upon which it rests may be in the owner of the land upon which the wall rests, such possession is not adverse to the owner of the adjoining land as respects the latter's easement in the wall and the land upon which it rests, and is necessarily not adverse to the administrator of the latter owner having possession of the latter lot. The administrator of the owner of the latter lot, having the lot in possession, necessarily has in possession the wall and the land upon which it rests so far as is necessary in the exercise of the right in the easement appurtenant to the lot upon which the wall does not rest.

4. Where the administrator of the owner of the lot upon which the wall does not rest sells the lot, including the building thereon supported by the wall, and makes a deed conveying title to the purchaser, not only to his intestate's lot, but also to the strip of land upon which the wall

Champerty and Maintenance, 11 C. J. p. 274, n. 98.

Evidence, 22 C. J. p. 1259, n. 88.

Executors and Administrators, 24 C. J. p. 689, n. 4; p. 690, n. 6.

Party Walls, 40 Cyc. p. 772, n. 3; p. 776, n. 16; p. 779, n. 26 New.

34

rests, the purchaser from the administrator can not avoid the deed pro tanto, as respects the value of the wall and the land upon which the wall rests, upon the ground that the administrator, when he made the deed, was not in possession of the wall and the land upon which the wall rests. This is true irrespective of the fact that the title to the land upon which the wall rests, or to the wall, may not have been in the intestate, but may be in the adjoining owner.

5. Where the description of the land purporting to be conveyed in the administrator's deed includes not only the land upon which the wall rests, but an·additional strip of land adjacent to and beyond the wall belonging to the adjoining landowner, the possession of which was held by him adversely to the administrator, and the administrator's deed to that strip could convey no title thereto and was void pro tanto, because that strip was not in the administrator's possession, yet where it appears from all the facts and circumstances surrounding the sale that a sale of the additional strip of land was not contemplated either by the administrator or by the purchaser, the purchaser has received title to all that he contracted to buy and expected to obtain under the contract of sale, and has therefore suffered no damage and is entitled to no abatement in the purchase-price contracted to be paid. This is not varying a written instrument by a parol agreement.

6. In a suit by the administrator against the purchaser to recover the balance due on the purchase-money, where, under the above rulings, the undisputed evidence demanded a finding that the administrator, at the time of the sale of the property, had possession of the wall and the land upon which the wall rests, a charge by the court which authorized the jury to find, in abatement of the purchase-price, an amount representing the value of the wall and the land upon which it rests was error.

7. The above rulings are not in conflict with the law of this case as laid down in *Edenfield* v. *Rountree*, supra.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 2, 1927.

Complaint; from city court of Swainsboro—Judge Herrington. January 22, 1926.

*Anderson & Trapnell,* for plaintiff.

*Arthur W. Jordan, Kirkland & Kirkland,* for defendant.