18542.  EDENFIELD *v.* YOUMANS, administrator.

STEPHENS, J.   1. This being a suit upon purchase-money promissory notes given for the balance due for land and a building thereon, purchased by the defendant at an administrator's sale, and the defendant having pleaded an abatement in an amount representing the alleged value of a side wall of the building and ten feet of land, which wall and land the defendant alleged had never been in the possession of the plaintiff, but which were included in the description in the deed to the defendant, and it appearing, under the law of this case as announced in *Youmans* v. *Edenfield*, 36 *Ga. App.* 529 (137 S. E. 288), as applied to the undisputed evidence, that the wall and the portion of the land sustaining the wall were in the possession of the plaintiff administrator at the time of the sale, but a portion of the ten feet of land at the time of the sale was not in the possession of the administrator, but was being held adversely by, and the title thereto was in, another person, and also it appearing from the evidence that, in the administrator's advertisement of the sale of the property, the land and the building are described as fronting 60

feet, when in fact the building fronted only 50 feet, and the land in the possession of the administrator fronted only 50 feet, and the intestate had title to no more of the land than this 50 feet frontage, yet, it appearing without dispute that in the application for the sale, filed by the administrator with the ordinary, the property is described only as "one brick building," and, from the defendant's uncontradicted and undisputed testimony, she "expected to get the building and one half of the southern wall," the evidence is undisputed that the administrator intended to sell, and the defendant intended to purchase, and the administrator sold and the defendant purchased, the building which fronted 50 feet and only the land covered by the building fronting only 50 feet, and that the defendant obtained all that she bought, and is therefore entitled to no abatement in the purchase price. See *Youmans* v. *Edenfield*, supra. The evidence here differs from that .in the first trial of this case (*Edenfield* v. *Rountree*, 33 *Ga. App.* 444, 126 S. E. 731), in that on that trial the defendant testified that she "was expecting to buy sixty feet of ground, the building and all."

2. The production in court by the attorney for the defendant, in response to a notice to produce served upon him, of a paper constituting the notice for attorney's fees required to be served under the provisions of the Civil Code (1910), § 4252, as a condition precedent to the maker's liability for attorney's fees contracted for in a promissory note, is evidence that the paper produced is in the possession, power, custody, or control of the defendant. The production of the notice for attorney's fees in response to a notice to produce is a circumstance which, when taken in connection with other testimony, is sufficient to authorize the inference that the defendant received the statutory notice for attorney's fees required by law. It appearing that the written notice for attorney's fees had been produced in court in response to a notice to produce served upon the defendant's counsel, and that therefore it had been in the possession, power, custody, or control of the defendant, it was properly admitted in evidence.

3. The liability for attorney's fees in a promissory note, being in its nature a penalty upon the maker for the failure to pay the note by a specified time, the notice required under the statute and its service upon the defendant within the required time as a condition precedent to such liability must be established by evidence authorizing with some degree of certainty and without ambiguity the inference that the required notice was given, and was given within the required time.

4. Where the only evidence tending to establish the service of the notice for attorney's fees within the statutory period of. ten days before suit consisted of the testimony of counsel for the plaintiff that he deposited the notice in the mail, properly stamped and addressed to the defendant, "on a date early enough to reach her more than ten days before suit," and the production in open court, by the attorney for the defendant, of the notice for attorney's fees, in response to a notice to produce, but where it nowhere appears upon what date the notice was mailed, the evidence is a mere conclusion of the witness, and is insufficient to authorize the inference that the statutory notice required to be served upon the defendant as a condition precedent to her liability for attorney's

fees contracted for in the note was served upon her within the required period of ten days before the institution of the suit.

5. The evidence demanded the verdict found for the plaintiff in the amount of the principal and interest of the note sued on, but failed to authorize the verdict found for attorney's fees. The judgment is affirmed, upon condition that, at the time the judgment of this court is made the judgment of the trial court, the plaintiff write off from the verdict the amount found as attorney's fees, and, upon the failure of the plaintiff so to do, the judgment is reversed and a new trial granted.

*Judgment affirmed on condition. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 15, 1928. REHEARING DENIED SEPTEMBER 28, 1928.

*Kirkland & Kirkland,* for plaintiff in error.
*Anderson & Trapnell,* contra.