18637. GROOVER v. GOLDSTEIN.

STEPHENS, J. 1. One who has contracted as agent for a commission to procure a loan for another, to be secured by real estate belonging to the latter, does not complete his contract by merely procuring a lender who is ready, willing, and able to make the loan upon the terms proposed by the borrower. The agent must actually obtain the money, unless his failure to do so is due to some fault legally attributable to the borrower. Hanesley v. Bagley, 109 Ga. 346 (34 S. E. 584).

2. The borrower, when accepting the lender's offer to make the loan, performs an obligation under his contract with the agent; and although the borrower may, before the completion of the loan, signify to the agent his intention not to accept the loan, yet where this fact is not communicated to the lender, and can therefore constitute no justification of the lender for a failure to perform, and the borrower afterwards, while the lender's offer is still open, accepts it, although in a communication direct to the lender, the borrower's previous communication, made to the agent, of an intention not to accept the loan, amounts to no breach by the borrower of his contract with the agent.

3. Where the lender procured by the agent refuses to make the loan, for no reason legally attributable to the borrower, the agent has not performed his contract with the borrower, and therefore is not entitled to the commission contracted to be paid by the borrower to the agent for the latter's services in procuring the loan. Hanesley v. Bagley, supra.

Whatever obligation, if any, the lender is under to complete the loan is an obligation due by him to the borrower, and not to the borrower's agent. A demand upon the lender by the borrower, that the lender complete the loan with the borrower directly and not through the agent, is an insistence by the borrower upon a compliance by the lender with whatever obligation the lender may be under to complete the loan, and is not an act by the borrower refusing to complete the loan, or one preventing the performance by the lender of the completion of the loan.

4. In a suit by the agent against the borrower, to recover commissions alleged to be due under the contract by which the plaintiff was employed by the defendant to procure the loan, the evidence, under the above rulings, authorized the verdict for the defendant.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 25, 1928.

*W. H. Hammond, J. B. Burch,* for plaintiff.
*Titus & Dekle,* for defendant.